FRED EIMER v. CH. WELLSAND and 'Another.[1]

December 16, 1904.

Nos. 14,081—(132).

**Public Land—Conveyance for Church Purposes.**

B. entered a tract of public land under the homestead laws of the United States, and gave to the defendant, pursuant to section 2288, U. S. Comp. St. 1901 (page 1385), a contract to convey to it two acres of the

[1] Reported in 101 N. W. 612.

tract for church and cemetery purposes. B., by an arrangement with G., relinquished his entry, and G. then entered the tract and received a patent therefor. G., at the time he secured such relinquishment, had notice of the contract, and agreed to carry it out. The defendant thereafter, with his knowledge and consent, entered into the possession of the two acres, and made valuable and permanent improvements thereon. *Held*, that G. held the legal title to the two acres in trust for the defendant, and that the plaintiff had notice of the defendant's rights when he acquired the tract.

Action of ejectment in the district court for Crow Wing county. The case was tried before McClenahan, J., who found in favor of defendants. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*A. T. Larson* and *E. H. Krelwitz,* for appellant.

*W. A. Fleming,* for respondents.

START, C. J.

Ejectment to recover from the defendants certain land in the county of Crow Wing. The cause was tried by the court without a jury, and judgment entered for the defendants, from which the plaintiff appealed.

The facts are not disputed, and they are, as found by the court, substantially these: In the year 1890 Herman Belter duly entered a tract of one hundred sixty acres of public land under the homestead laws of the United States. On August 3, 1891, and while he was still in possession of the land under such entry, he sold to the defendant the St. John's Congregation, then an unincorporated religious society, by a contract in writing, for church and cemetery purposes, two acres of the land, describing it. After making this contract Herman Belter relinquished his homestead entry to the government, after an arrangement with August Gerdau whereby it was agreed that Belter should sell such relinquishment to Gerdau, who then had full notice and knowledge of all the rights and equities in and to the two acres of the defendant the St. John's Congregation, and agreed with Belter to deed the same to it as contemplated by the contract therefor. The contract, however, was never recorded. Gerdau, after the land had been so relinquished by Belter, duly entered the entire tract as a homestead, and

received a patent therefor in the year 1895. Shortly after the relinquishment St. John's Congregation entered upon the two acres of the tract and made valuable improvements thereon for church and cemetery purposes, and continued in such possession, and continued to make such improvements from time to time, with the knowledge and consent of Gerdau, during all the time of his occupancy of the lands so entered by him, including the period after the issuing of the patent and the making of the mortgage hereinafter mentioned. The defendant, as successor of St. John's Congregation, is now occupying the two acres of land with the improvements, consisting of a parsonage, stable, smokehouse, garden, and cemetery in which four or five of its dead have been buried. Such occupation has been open, notorious, exclusive, continuous, and uninterrupted since the latter part of the year 1891. The defendant congregation, before the commencement of this action, was duly incorporated under the laws of this state, and is the legal successor of St. John's Congregation. After the defendant so entered into possession of and improved the two acres of land, Gerdau executed a mortgage upon the land so patented to him, including the two acres. The mortgage was foreclosed by advertisement, and the land therein described sold to the plaintiff. No redemption was made from the sale, although the time limited therefor expired before the commencement of this action. Upon these facts the trial court found, as a conclusion of law, that the plaintiff held the legal title to the two acres in trust for the defendant, that he execute a deed therefor to it, and directed judgment accordingly.

Do the facts found support the conclusions of law of the trial court? This is the only question for our decision, and we answer it in the affirmative. The contract between Belter and the defendant was expressly authorized by section 2288, U. S. Comp. St. 1901 (p. 1385), which provides that:

> Any bona fide settler under the pre-emption, homestead, or other settlement law shall have the right to transfer, by warranty against his own acts, any portion of his claim for church, cemetery or school purposes   *   *   *   and the transfer for such public purposes shall in no way vitiate the right to complete and perfect the title to his claim.

This is a remedial statute, and was intended to promote public interests by authorizing the settler to make a binding contract, as against himself and those claiming under him, to transfer any portion of his claim for school, church, or cemetery purposes. It must, then, be liberally construed. It cannot be doubted that if Belter had received the patent for the land he would have been bound to convey the two acres to the defendant, for he would have held the legal title thereto for the defendant.

The plaintiff, however, claims that by Belter's relinquishment of his entry, and the entry and acquisition of the patent title by Gerdau from the United States, all rights and equities on the part of the defendant to the two acres were cut off. If the relinquishment of Belter and the entry of the land by Gerdau, without notice of the defendant's contract, were the only facts in the case, it would be difficult to answer the contention of the plaintiff. But Gerdau had notice of the defendant's contract and interest in the land when he purchased Belter's claim and procured his relinquishment, and agreed to carry out such contract and deed the two acres to the defendant. And after his entry, and up to the time he gave the mortgage—which was after the patent had been issued to him—Gerdau recognized the rights of the defendant under the contract by permitting it to enter into the actual possession of the two acres and make thereon valuable and permanent improvements for church and cemetery purposes with his knowledge and consent. It is clear from the facts found by the trial court that at the time he gave the mortgage, upon the most primary principles of equity, Gerdau was estopped from repudiating his recognition of Belter's contract to convey the two acres to the defendant and his own promise to perform it. He, therefore, held the legal title of the two acres, at the time he made the mortgage, in trust for the defendant, the equitable owner thereof. Roy v. Duluth & I. R. R. Co., 69 Minn. 547, 72 N. W. 794; 173 U. S. 587, 19 Sup. Ct. 549; McClung v. Penny, 189 U. S. 143,.23 Sup. Ct. 589. The defendant was in the actual and exclusive possession of the two acres when the mortgage was made, hence the mortgagee and all persons claiming under him are chargeable with the defendants' equities in the two acres. The findings of fact fully sustain the conclusions of law of the trial court.

Judgment affirmed.