GEORGE W. VINING & al., versus SHUBAEL BAKER & al.

Possession is *prima facie* evidence of title to personal property.

Plaintiffs in possession may maintain trover against all persons wrongfully interfering with their possession.

ON EXCEPTIONS from *Nisi Prius*, WALTON, J., presiding.

TROVER for eighty sheep. The plaintiffs contended that the sheep were the exclusive property of one Timothy E. Fogg, while the defendants claimed they were the property of a copartnership alleged to exist between said Fogg and the defendant Baker. It appeared in evidence, that the defendants fraudulently obtained possession of the sheep, drove them to Brighton and sold them; and that the plaintiffs settled with Fogg, and paid him in full for the sheep before bringing this action.

The defendants contended that the action could not be maintained by plaintiffs, but only by Fogg. Upon this point, the presiding Judge instructed the jury that if the sheep were so purchased by Fogg as to render them exclusively his and subject to his exclusive control, and he thereupon left them in the care and custody of the plaintiffs and took from them the writing introduced, they would thereto become his bailees, and have such a property in the sheep as would enable the plaintiffs to maintain trover for their conversion against a stranger or one having no right, title or interest in them, or right of control over them, if, before bringing their suit, the plaintiffs had settled with Fogg and paid him in full for the sheep.

Verdict was for the plaintiffs, and the defendant alleged exceptions.

*H. L. Whitcomb*, in support of the exceptions.

The evident design of the paper between plaintiffs and Fogg was to prevent defendant Baker, who claimed a partner's interest in the sheep, from obtaining possession of them.

The authorities *go* to the extent that a mere depositary

may maintain an action for an invasion of his possession against a stranger having no color of title, and there the rule stops. As against a person claiming a right in the property, bare possession is not enough. Naked possession alone is better than no kind of possession or title whatever; but a colorable title is better than bare possession. Plaintiffs were but mere shepherds, and their possession was his. Story on Bailment, § 92.

The bailee may bring an action in his own name when his actual possession is violated. His right to sue in his own name results from the fact of his liability to the owner. Story on Bailment, § 93. A mere custodian is not liable to owner and cannot bring action in his own name, especially where property is fraudulently taken from him without his fault. The writing between Fogg and Vinings is a mere *nudum pactum.* Settlement with Fogg after sheep taken gave plaintiffs no right of action. The instruction misled the jury in conveying to them the idea that, by the settlement, the plaintiffs acquired new rights. The whole transaction grew out of a disagreement between partners, and is a device to evade the law by maintaining a suit at law by one partner, but in the name of other parties, where equity should adjust the business of the firm.

*Fessenden & Frye,* for the plaintiffs.

APPLETON, C. J.—The plaintiffs, having sold one Fogg the sheep in controversy, gave him the following memorandum:—
"Weld, Oct. 28, 1864.

"Mr. George and Page Vining have sold and delivered to T. E. Fogg eighty sheep, to be kept by said Vining, till called for by the said Fogg personally or by an order in writing; said Fogg to pay all expenses, if any, before they are taken away, for feeding on hay, $320.

"Received Payment,   "G. W. Vining,
         "Page Vining."

The jury have found the title to the sheep to have been

in Fogg, and that they were wrongfully taken by the defendants from the custody of the plaintiffs, his bailees.

Possession is *prima facie* evidence of title. The plaintiffs being in possession may maintain trover against all persons wrongfully interfering with their possession. In *Nicolls* v. *Bastard,* 2 Cromp., Mees. & Ros., 659, it was decided, that, in case of a simple bailment of a chattel without reward, its value might be recovered in trover by the bailee if taken from his possession. The rulings of the presiding Justice are fully sustained by the authorities. *Little* v. *Fossett,* 34 Maine, 545 ; *Burton* v. *Hughes,* 2 Bing., 173 ; *Linscott* v. *Trask,* 35 Maine, 150.

*Exceptions overruled.*

CUTTING, WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.