[No. 3,841.]

## WILLIAM HOWELL v. A. J. SCOGGINS.

DAMAGES FOR ASSAULT AND BATTERY.—In an action for an assault and battery, the jury, in estimating the damages, cannot take into consideration the plaintiff's expenses in the prosecution of the suit.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

The evidence on the trial was confined to the circumstances constituting the assault and battery. No evidence was offered tending to show that the plaintiff had paid or become liable to pay any money for medical attendance, nursing, board, or for the prosecution of the action. The plaintiff recovered judgment for eight hundred dollars and costs, and the defendant appealed.

The other facts are stated in the opinion.

*W. C. Belcher* and *W. F. Goad*, for the Appellant, cited *Day* v. *Wentworth*, 13 How. 371; *Barnard* v. *Poor*, 21 Pick. 381; *Lincoln* v. *Schenectady and Saratoga R. R. Co.* 23 Wend. 435, and *Hicks* v. *Foster*, 13 Barb. 663.

*James Hart, J. O. Goodwin* and *S. D. Wall*, for the Respondent, argued that, as there was no evidence before the jury as to expenses, the presumption was that the verdict did not include any expenses; and that, therefore, the defendant was not injured by the instruction. They also argued that the instruction was correct; and cited, *Platt* v.

*Brown*, 30 Conn. 336; *St. Peter's Church* v. *Beach*, 26 Conn. 355; *Dibble* v. *Morris*, 26 Conn. 416; *Ives* v. *Carter*, 24 Conn. 392; *Beecher* v. *Derby Bridge Co.* Id. 491; *Marshal* v. *Betner*, 17 Ala. 883, and *Whipple* v. *Cumberland Manufacturing Co.* 2 Story, 661.

By the Court, MCKINSTRY, J.:

This was an action for an assault and battery. The Court instructed the jury: "In actions of aggravated assault and battery, the jury are not limited in assessing damages to mere compensation, but may give exemplary damages, and may take into consideration the plaintiff's expenses in the prosecution of the suit." In a note at the foot of this charge, Hilliard on Remedies for Torts, and Sedgwick on damages are cited as authority for it.

Hilliard, at the page referred to (442), only says that it "has sometimes been held" that the jury may take the plaintiff's expenses into consideration.

The instruction given would authorize a jury to take into consideration all the plaintiff's expenses.

But in Connecticut—one of the States in which it has been held that the probable expenses of the plaintiff may be considered by the jury as part of the exemplary damages—it has also been decided that the jury cannot take into consideration the taxable costs paid by plaintiff, and which he would recover of defendant as an incident to the judgment, otherwise the defendant would pay these costs twice. (*Beecher* v. *Derby Bridge Co.* 24 Conn. 132 and 491.)

The bald question presented by the charge is whether the jury can guess at the probable amount paid, or agreed to be paid, by the plaintiff to his counsel, or at the amount of his other expenses, and include such amount in their estimate of exemplary damages.

In a note to the sixth edition of Sedgwick's Measure of Damages (p. 111), it is said: "It is difficult to see why such expenses should be allowed under the head of 'exemplary damages.' There is nothing especially punitory, as regards the defendant, in the fact that the sum in which he

is mulcted happens in whole or in part to represent the counsel fees paid or incurred by his injured adversary."

Except that taxed costs are never allowed, the law, as laid down in the charge, accords with the views expressed by the Supreme Court of Connecticut and of Alabama.

But after full consideration it was held by the Supreme Court of the United States (*Day* v. *Woodworth*, 13 How. 371), that the jury have no right, in actions of trespass, whatever the circumstances of aggravation, to include in their verdict any sum to indemnify the plaintiff for counsel fees, or other real or supposed expenses, over and above taxed costs.

Mr. Justice GRIER said: "It is true, no doubt, and is especially so in this country (where the legislatures of the different States have so much reduced attorney's fee bills, and refused to allow the *honorarium* paid to counsel to be exacted from the losing party), that the legal taxed costs are far below the real expenses incurred by the litigant; yet it is all the law allows as *expensa litis.* If the jury may 'if they see fit' allow counsel fees and expenses as part of the actual damages incurred by the plaintiffs, and then the Court order legal costs *de incremento*, the defendant may truly be said to be *in misericordia*, being at the mercy both of Court and jury. Neither the common law nor statute law of any State, so far as we are informed, has invested the jury with this power or privilege. It has sometimes been exercised by the permission of Courts, but its results have not been such as to recommend it for general adoption, either by Courts or Legislatures." (372) Again: "The expenses of the defendant over and above taxed costs are usually as great as those of plaintiff; yet neither Court nor jury can compensate him, if the verdict and judgment be in his favor, or amerce the plaintiff *pro falso clamore* beyond taxed costs."

In *Fairbanks* v. *Winter*, (18 Wis. 287) the Circuit Court permitted a witness for plaintiff—a lawyer—to be asked, "what in your judgment is a fair compensation to a lawyer for bringing and prosecuting this action?" The Supreme Court held an objection to the question to have been well

taken; and Chief Justice SHAW, in *Barnard* v. *Poor*, (21 Pick. 382,) said: "It is now well settled that even in an action of trespass, or other action sounding in damages, the counsel fee and other expenses of prosecuting the suit, not included in the taxed costs, cannot be taken into consideration in assessing damages; and, if such costs were included by a jury, it would be irregular and erroneous."

In *Lincoln* v. *S. & S. R. R. Co.*, (23 Wend. 434,) NELSON, C. J., remarked: "The charge as to expenses beyond taxable costs and counsel fees in conducting the suit, as a particular item of damage to be taken into the account, I am also inclined to think was erroneous. These have been fixed by law, which is as applicable to. cases sounding in damages as in debt." In *Hicks* v. *Foster*, (13 Barb. 663,) it was held that, in an action of slander, it was erroneous for the judge to charge the jury that "they have a right to take into consideration the expenses to which the plaintiff has been put, by being compelled to come into Court to vindicate her character."

The damages found by the jury were not excessive, and if we could be at liberty to disregard the error of the Court below, or were satisfied that it did not influence the action of the jury, we should affirm the judgment.

But it must be assumed that the jury did what they were instructed to do; that they took into consideration the plaintiff's expenses in the prosecution of the suit.

Judgment and order denying new trial reversed, and cause remanded for new trial.