[No. 3,354.]

## SOLOMON FALK v. FREDERICK H. WATERMAN, ALBERT SHEPARD AND CORNELIUS McGOWAN.

DAMAGES IN AN ACTION FOR A TRESPASS.—In an action for a trespass, committed by breaking into the plaintiff's rooms and destroying property, the jury, in estimating damages, must not take into consideration the plaintiff's counsel fees and other expenses growing out of the litigation.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The plaintiff alleged in his complaint that he was engaged in the business of manufacturing cigars and tobacco, and was in the possession of rooms in San Francisco, where he carried on the business, and that the defendants broke into and entered the rooms and removed therefrom and destroyed large quantities of cigars and tobacco and other personal property. The jury found a verdict in favor of the plaintiff for $4,382 20, and the defendants appealed.

The other facts are stated in the opinion.

*Parker & Roche,* for the Appellants, cited *Hicks* v. *Foster,* 13 Barb. 668; *Guild* v. *Guild;* 2 Met. 233; *Leffingwell* v. *Elliott,* 10 Pick. 204; *Barnard* v. *Poor,* 2 Pick. 378; *Warren* v. *Cole,* 15 Mich. 274; *Good* v. *Miller,* 8 Barr. 55; *Fairbanks* v. *Nitter,* 18 Wis. 290; *Earl* v. *Tupper,* 45 Vt. 286, and *Hoadley* v. *Watson,* Id. 292.

*C. Wittram* and *J. W. Winans,* for the Respondent, cited Sedg. Measure of Damages, 5th ed., p. 107; *Roberts* v. *Mason,* 10 Ohio State 277; *Burnap* v. *Wright,* 14 Ill. 302; *The Margaret* v. *The Conestoga,* 2 Wallace, 125; *Day* v. *Woodworth,* 13 How. 371, and *Dibbe* v.*Morris,* 26 Conn. 416.

By the Court, RHODES, J.:

This is an action for breaking and entering the plaintiff's rooms, and injuring and destroying his property. The jury were instructed that, in awarding exemplary damages, they might "take into consideration the expenses which the plaintiff has incurred about this business in and about this litigation. The amount has not been proved, but your knowledge of such matters will enable you to arrive at something like a just calculation as to what should be allowed as counsel fees, legal expenses, and other expenses incidental to this business and growing out of the wrongful act of the defendant; but those damages can only be given, as I have already stated, as exemplary damages. They constitute no part of the actual damages."

The question of the correctness of an instruction, substantially the same as this, was presented in *Howell* v. *Scoggins,* 48 Cal. 355, and it was held to be erroneous. Since this case was argued, our attention has been called to *Earl* v. *Tupper,* 45 Vt. 286; and *Hoadley* v. *Watson,* Id. 292, in each of which an instruction to the same import as the one in this case was given, and the Court held it to be erroneous.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.

Mr. Chief Justice WALLACE did not express an opinion.