## MARTIN O. KIRKEBY v. OLUF ERICKSON.[1]

October 16, 1903.

Nos. 13,595—(39).

**Parol Sale—Statute of Frauds.**

A sale of wild grass growing upon the vendor's land cannot be made by parol. Such an agreement comes within the statute of frauds, and a written contract cannot be dispensed with.

Action commenced before a justice of the peace for Yellow Medicine county to recover $75, the agreed purchase price, upon a parol contract for the sale of growing grass. On appeal to the district court for said county the case was tried before Powers, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Oluf Gjerset,* for appellant.

*C. A. Fosnes,* for respondent.

COLLINS, J.

From the findings of fact, which stand unchallenged in this court, it appears that the plaintiff, owner of a certain quarter section of land, entered into an oral contract with the defendant for the sale of wild grass then growing thereon, the agreed price being $75, no part of which has been paid. Afterwards the defendant entered upon the land, and cut one swath of this grass, about five feet wide and forty rods long. The defendant did not remove the cut grass, nor did he again enter upon the premises. No part of the remainder was cut by either plaintiff or defendant. The court below held that plaintiff could not recover the amount agreed upon, and its judgment will have to be affirmed.

The grass which was the subject of the oral contract was a part of the plaintiff's real estate, and the agreement was void, because it attempted to create an estate in land, and was not in writing, as required by G. S. 1894, § 4215. There has been a great deal of dis-

[1]Reported in 96 N. W. 705.

cussion upon this subject, and the courts of last resort are greatly at variance, not only as to the rule to be applied, but also as to the reason for holding one way or the other. But in this particular case we simply have to ascertain whether the alleged contract of purchase involved, either by express stipulation or by fair implication from the circumstances, an agreement that the vendee should have the right to enter upon or occupy the vendor's land during a definite or indefinite time after the bargain. Where such an agreement is a part of the transaction it seems clear that an interest in land is contracted for and agreed to be given. Such an agreement comes within the statute of frauds, and a written contract cannot be dispensed with. Browne, St. Frauds, § 257a, 2 Taylor, Ev. § 952. See also 1 Benjamin, Sales, § 121; 1 Mechem, Sales, § 341.

At common law, grasses growing from perennial roots are regarded as fructus naturales, and, while unsevered from the soil, are considered as pertaining to the realty. Sparrow v. Pond, 49 Minn. 412, 52 N. W. 36. We have no statute changing this rule, except G. S. § 5464, which has no relevancy here. In Erickson v. Paterson, 47 Minn. 525, 50 N. W. 699, it was held that growing crops, fructus industriales, pass with the land upon the conveyance thereof without express mention, unless properly reserved. See also Kammrath v. Kidd, 89 Minn. 380, 95 N. W. 213. This is because for the purposes of sale they are regarded as part of the real estate.

In this particular case the right of the defendant to enter upon plaintiff's premises for the purpose of cutting and removing the grass was implied from the fact of the sale. This gave the former exclusive possession of the land upon which the grass grew for the purpose of cutting and removing it; a limited possession to be sure, but sufficient for him, in case the contract had been valid, to maintain an action against any person entering upon the land and interfering with his right to cut and remove the grass. Crosby v. Wadsworth, 6 East, 602. Such a case must be distinguished from one where the vendor of the property sold is to sever it from the soil himself. Verbal sales of that character have frequently been upheld as not within the statute. It is clear that this agreement, as found by the court, was for the sale of an interest in land, and came within the prohibition of the statute.

But, even if it could be held that the contract was for the sale of personal property, the price agreed upon exceeded $50. There being no written note or memorandum of the contract, no acceptance of the goods, and no payment of any part of the purchase money, it came within the provisions of G. S. 1894, § 4210, and was void.

The plaintiff's counsel suggests that when the defendant entered upon the land and cut a small part of the grass there was a sufficient compliance with the statute. But by this act alone he did not accept or receive any part of the property attempted to be sold.

Judgment affirmed.