ROBERT M. STITT and Another v. NAMAKAN LUMBER COMPANY.[1]

June 2, 1905.

Nos. 14,315—(77).

**Trover—Possession.**

> Bare possession of personal property, though wrongfully obtained, is sufficient to enable the party enjoying it to maintain replevin or trover against a mere stranger to the property, who takes it from him. Rule applied, and *held*, that the trial court erred in dismissing this action.

Action in the district court for Hennepin county to recover $3,318, treble damages, for the conversion of seventy-nine tons of hay. The case was tried before Willard R. Cray, J., who made an order dismissing the action, upon the close of plaintiffs' testimony. From a judgment entered pursuant to the order, plaintiffs appealed. Reversed and new trial granted.

*H. B. Fryberger*, for appellants.

*C. J. Rockwood*, for respondent.

START, C. J.

The complaint alleged that on December 20, 1903, the plaintiffs were the owners and in possession of seventy-nine tons of hay, of the actual value of $1,106, located in the county of Itasca, this state; that the defendant then and there wilfully converted the hay to its use, to the plaintiffs' damage in a sum three times the actual value of the hay, $3,318. The answer is to the effect that the defendant purchased from a third party in good faith, believing him to be the owner thereof, seventeen tons of the hay referred to in the complaint, and that in no manner did it take or convert any more than that amount, which was of no greater value than eight dollars per ton. The only denial of the allegation in the complaint as to the plaintiffs' ownership and possession of the hay was in these words:

> As to whether plaintiffs owned said hay or had any interest therein, the defendant denies that it has any knowledge or information sufficient to form a belief.

[1] Reported in 103 N. W. 707.

A jury was impaneled to try the cause, and when the plaintiffs rested their case the trial judge, on motion of the defendant, dismissed the action, and the plaintiffs appealed from the judgment.

The decisive question raised by the assignment of errors is whether or not the evidence received on behalf of the plaintiffs, and the competent and relevant evidence offered by them and excluded by the court, made a case for the jury when the plaintiffs rested their case. The evidence tended to show that the hay in question was cut on several wild-grass meadows in what is practically a wilderness or unoccupied region in the county of Itasca, known as "Deer River Country," some forty-five miles northwest of Hibbing, one of which was known as the "Bustacagon Meadow," on which twenty-seven tons of hay were cut; that the plaintiffs had since 1895 cut the grass from the meadows, and used the hay in their business of logging in that vicinity; that on June 27, 1902, the plaintiffs entered into a contract with Messrs. Reynolds and Davis to cut one hundred tons of wild hay on these meadows for them, and the hay was so cut and stacked for the plaintiffs; that the plaintiffs did not use this hay during the next logging season, as they expected to do when the contract for putting up the hay was made, and it remained in the stacks on the meadows until the fall of 1903, and during this time the plaintiffs claimed to own the hay, and by themselves or their agent visited the meadows and looked after the stacks; that in the fall of 1903 the defendant was preparing to establish logging camps in the Deer River country, and applied to the plaintiffs to purchase of them the hay in question, but, failing to secure it by negotiations, it converted it; and, further, that the hay so taken was of the actual value of fourteen dollars per ton. Upon the cross-examination of one of the plaintiffs, he testified as follows:

Q. Mr. Stitt, did you say that you saw the stacks on the Bustacagon meadow? A. Did I? Q. Yes? A. No, sir; I did not. Q. Then you don't know the number there? A. Yes, sir; I do. Q. What do you say the number was? A. I said 18. Q. Mr. Stitt, was any of this hay cut on your land? A. My own personal title—is that the question? Or had I a right to cut it? Q. I asked you if it was cut on your land? A. My

own land? Q. Yes? A. No, sir. Q. Did you haul some of the hay away yourself? A. No, sir. Q. It all stood there just as it was put up and stacked? A. The last time I saw it; yes, sir.

This evidence was objected to by the plaintiffs as immaterial and not within the pleadings. Upon his redirect examination he was asked if he had any conversation with any one who had possession of the land with reference to cutting the hay. The trial court sustained defendant's objection to this question. Counsel for plaintiffs then made this offer:

> I offer to prove by this witness that, prior to the time of cutting the hay on the Bustacagon meadow, that Bustacagon, the Indian who was then and for many years has been in possession of the Bustacagon meadow, stated to the witness that he could cut the hay and put it up on giving him $25, and that the plaintiff cut the hay pursuant to said conversation, and paid the Indian, Bustacagon, $25, pursuant to the conversation, and the hay was the same hay as that mentioned in the complaint in this action.

1. It is clear that the exclusion of the offered evidence was reversible error, for which a new trial of the action must be awarded, for the evidence tended directly to show that the plaintiffs were the owners of at least twenty-seven tons of the hay in question. The possession of the land on which the hay was cut by the person from whom the plaintiffs offered to show that they purchased the right to enter, cut, and put up the hay was prima facie lawful, carrying with it the right to so dispose of the grass thereon. The right to enter, cut the grass, and stack the hay made therefrom carried with it, by necessary implication, the right to remove the hay within a reasonable time. It is, however, urged by the defendant that standing grass is part of the land on which it is growing, and a contract for its severance is void unless in writing. Kirkeby v. Erickson, 90 Minn. 299, 96 N. W. 705. It is true, as held in the case cited, that an executory contract for the sale of wild grass growing upon the seller's land is not enforceable. In the case cited there was no performance of the contract sufficient to take it out of the

statute of frauds. In the case at bar the offer was to show an executed contract by both parties, except the final act of removing the hay. This took the contract or license out of the statute. It follows that if the plaintiffs had been permitted to make proof of their offer, and had done so, it would have established their right to the hay on this particular meadow, as against the defendant; and, as stated, they are entitled to a new trial for the error in excluding their offered evidence.

2. It is, however, necessary, or at least proper, with reference to another trial, to determine whether the plaintiffs made a prima facie case for the jury, excluding the offered evidence. In this connection it must be noted that, as the case stood when it was dismissed, the defendant had offered no evidence tending to justify in any manner the taking of the hay, and for the purposes of this appeal it must be treated as a trespasser without any pretense of right to the hay. The rule in such a case is that bare possession of property, though wrongfully obtained, is sufficient to enable the party enjoying it to maintain replevin or trover against a mere stranger to the property who takes it from him. Anderson v. Gouldberg, 51 Minn. 294, 53 N. W. 636. It is immaterial whether or not the plaintiffs owned the land on which the hay was cut, if they had such possession of the hay. The evidence as to the plaintiffs' possession of the hay at the time the defendant took it must be considered in connection with the place of its location, as tending to show the practical difficulty of any different possession of the hay than that asserted by the plaintiffs, also the character of the property, and the fact that there is no evidence of any wrongdoing on the part of the plaintiffs. We do not deem it advisable to comment on the evidence or express any opinion as to its weight, but we are of the opinion that it was sufficient, within the rule stated, to require the submission of the case to the jury. We have determined the question without reference to the fact that the answer does not deny the plaintiffs' possession of the hay.

Judgment reversed and new trial granted.