## A. L. PRESTON v. CLOQUET TIE & POST COMPANY.[1]

May 19, 1911.

Nos. 16,994—(75).

**Conversion — settler on public land — statute inapplicable.**

Action for conversion of timber, which was by a third party, without right, cut from and banked on public land which was at all times in the exclusive possession of the plaintiff under a homestead claim. The defendant, having purchased the timber from the party who cut it, carried it away and converted it to its own use.

*Held,* that the facts found, which are set out in the opinion, sustain the judgment for the plaintiff; that G. S. 1894, § 6130, requiring settlers on public lands to mark out the boundaries of their claims, is not applicable to the facts of this case; and that this action is not barred by the alleged election of an inconsistent remedy, nor by the statute of limitations.

Action in the district court for St. Louis county to recover $1,650 for the conversion of certain timber. The answer admitted that one Randall had cut a small quantity of timber on the lands described in the complaint, but as to the quantity and character of the timber so cut, it had no knowledge, and alleged that the cutting of the timber occurred more than six years prior to the commencement of the action; that plaintiff started an action in 1908 for the same cause of action; and that action was still pending. The case was tried before Cant, J., who made findings of fact and as conclusion of law ordered judgment in favor of plaintiff for $118.25. From the judg-

[1]Reported in 131 N. W. 474.

[Note]   Trover for timber which has been cut but not removed before expiration of time limit, see note in 29 L.R.A.(N.S.) 550.

ment entered pursuant to the findings, defendant appealed. Affirmed.

*William B. Phelps,* for appellant.
*Austin Lathers,* for respondent.

START, C. J.

Appeal from the judgment of the district court of the county of St. Louis in an action for the conversion of certain timber. The findings of fact by the trial judge, as amended, were to the effect following:

The plaintiff, on July 12, 1902, duly made application to enter as a homestead the land described in the complaint, and in September next following he took possession thereof, erected a house, and made other improvements thereon, claiming the exclusive right thereto under the homestead laws of the United States, with which he has at all times since first applying to enter the land fully complied. Through error on the part of the officers of the land department his first application was rejected. No notice thereof was ever served upon him, though the rules of the land office gave him certain preference rights and right of appeal until thirty days had expired after the service on him of such notice. October 3, 1907, he filed a new homestead entry on the same land. This entry was accepted, as was also his final proof thereon; and the final certificate of the United States land office was thereafter issued to him for the land. After the plaintiff so went into the possession of the land, Edward Randall, believing that he had a right so to do, entered thereon, and without right cut part of the standing timber thereon, and banked the products thereof on the land. Thereafter, and on April 1, 1903, the defendant, having purchased such products from Randall, entered upon the land so in the possession of the plaintiff and removed therefrom such timber and converted it to its own use. The value thereof was then the sum of $284.25, but when it was in the form of standing timber on the land the value was $118.25.

On November 21, 1908, the plaintiff commenced an action against the defendant and Edward Randall in the district court of the county of St. Louis. The complaint in that action alleged that the

plaintiff was during all the times mentioned therein the owner of the land in question and the growing timber thereon. The other here material allegations of the complaint were that during the months of January, February, and March, 1903, defendants entered upon the land without any right, and wrongfully cut and removed therefrom a large number of trees and timber, out of which they cut one hundred cords of pulpwood, five hundred standard tamarack ties, twelve hundred feet of Norway pine, and five thousand feet of spruce logs, all of which was then and there of the value of $500, and plaintiff was injured in that sum. The complaint, as a second cause of action, alleged damages to the realty by reason of the alleged trespass in the sum of $100. The defendants in the alleged former action answered separately, and the cause was brought on for trial on February 3, 1909. After hearing all the evidence, the trial court dismissed the action on its own motion, and thereafter, on May 25, 1909, denied the plaintiff's motion for a new trial.

This action was commenced March 12, 1909, and brought to trial January 11, 1910. After the filing and acceptance of the plaintiff's second application to enter the land, the Northern Pacific Railway Company moved for a review of the land department's action in the case of the United States against it, which was an action before the secretary of the interior, wherein the Northern Pacific Railway Company claimed the land, and which had, prior to the plaintiff's second application, been decided adversely to its claim. Its motion for a review was pending at the time of the dismissal of the former action and was still pending up to and until the tenth day of November, 1909, when it was denied, and the department thereafter issued to plaintiff its final certificate for said land.

As a conclusion of law from the facts found, the trial court directed judgment for the plaintiff for $118.25, with interest and costs. Thereupon the defendant made a motion for a new trial, which was denied, and judgment entered as directed, from which the defendant appealed.

There is no settled case, hence the only question for our decision is whether the facts found by the trial court are sufficient to sustain the judgment.

1. The first and second alleged reasons here urged by the defendant why the facts do not sustain the judgment are to the effect that they show that the United States, and not the plainiff, was the owner of the timber claimed to have been converted, and, further, that the filing of the second application was a waiver of all rights, if any, acquired under the first application, and that the final certificate and patent relate back only to the second application. It is to be noted in this connection that the plaintiff was in the actual possession of the timber, which is the subject-matter of this action, as it was severed from the soil and banked on the land of which he was in the exclusive possession, and, further, that the defendant is a stranger to the title of both the timber and the land whereon it was cut and piled. Such possession was prima facie sufficient to enable the plaintiff to maintain this action against the defendant, who took and carried away the timber from his possession without any lawful right thereto. Stitt v. Namakan Lumber Co., 95 Minn. 91, 103 N. W. 707.

It is true, however, that the legal title to the land was in the United States when the timber was cut, and also when the defendant carried it away; but it is clear, from the facts found by the trial court, that the plaintiff's possession of the land, from September, 1902, down to the time when the patent therefor to him was ordered to be issued, and the granting of the final certificate, was continuous and exclusive under his homestead entry. The fact that the land department erroneously rejected his first application, evidently for the reason that the land was claimed by the Northern Pacific Railway Company, did not affect his substantial rights and equities as against the defendant, a stranger to the title. He settled upon the land, claiming it as a homestead under his first application, which was in fact and law valid, although by reason of the mistake of the land department he was obliged to make a second application. He did all that he could do to protect his rights in the land and the growing timber thereon, and they are not affected by the mistake of the land officers. Roy v. Duluth & I. R. Ry. Co., 69 Minn. 547, 72 N. W. 794.

The timber was cut after the first application was made, and after

114 M.—26.

the plaintiff's actual settlement upon the land, and while he was in the actual possession thereof, but before the second application was made. This action was commenced after his second application was made. We are of the opinion, upon the facts found, that the plaintiff was entitled to recover from the defendant the value of the timber converted by it. Red River & L. W. R. Co. v. Sture, 32 Minn. 95, 20 N. W. 229; Carner v. Chicago, St. P., M. & O. Ry. Co., 43 Minn. 375, 45 N. W. 713; Hastay v. Bonness, 84 Minn. 120, 86 N. W. 896.

2. It is further urged that the plaintiff cannot recover, because he did not comply with G. S. 1894, §§ 6128–6130, providing that a settler on public lands may maintain an action for injuries to the possession thereof, if his claim is marked out so that the boundaries may be easily traced and the extent of the claim known. This statute has no application to the facts of this action, for it is not one for injury to the plaintiff's possession of the realty. But, were it such an action, the facts do not bring the case within the statute cited; for the plaintiff entered upon surveyed lands, and the boundaries thereof were presumably marked by government posts and marks. The original of the statute is R. S. 1851, c. 88, which was enacted at a time when the greater part of the public lands of the territory was unsurveyed, and settlers were accustomed to stake out their claims on unsurveyed lands and post notice thereof. The statute was passed to protect the rights of squatters on the public lands and limit their claims. The reason for the statute ceased years ago, and it was superseded by R. L. 1905, § 4453. Again, neither the pleadings nor the findings of fact present any such issue. The only reference in the record to the question is in the memorandum of the trial judge, which is not made part of his findings.

3. The findings of fact do not, as defendant claims, show an election of inconsistent remedies. If the first action against the defendant and Randall is to be construed as an action for a conversion of the same timber which is the subject-matter of this action against the defendant alone, the remedies were not inconsistent, and the first action having been dismissed before the second one was tried, it was not a bar to the further prosecution of the second one. On

the other hand, if the subject-matter of the first action was not the same as that of the second one, as the plaintiff claims, no question of an election of remedies could arise.

4. The last contention of the defendant is that the action is barred by the statute of limitations. The findings of fact show that the defendant converted the timber on April 1, 1903. The action was brought March 12, 1909. The fact that the patent was not issued until November 10, 1909, does not affect the question.

Judgment affirmed.