UNITED STATES SUPPLY CO. et al. v. GILLESPIE.

No. 8143—Opinion Filed May 22, 1917.

(166 Pac. 139.)

1. Property—Presumptions—Ownership.

A presumption of ownership, in the absence of evidence to the contrary, arises from the possession of personal property.

2. Conversion — Actions — Evidence of Title—Sufficiency.

Actual possession of such property at the time of a conversion thereof is sufficient evidence of title to enable the possessor to maintain an action in damages for conversion against a mere stranger to the property.

(Syllabus by Bleakmore, C.)

Error from District Court, Pawnee County; Conn Linn, Julge.

Action by R. G. Gillespie against the United States Supply Company, a copartnership, and Jacob Bloch, B. M. Bloch, and C. C. Blair, copartners doing business as the United States Supply Company. There was a judgment for plaintiff, and defendants bring error. Modified and affirmed.

Blake & Hazlett, for plaintiffs in error.
McNeill & McNeill, for defendant in error.

Opinion by BLEAKMORE, C. This is an action for damages commenced in the district court of Pawnee county on June 16, 1914, by the defendant in error as plaintiff against the plaintiffs in error as defendants for the unlawful conversion of 2,500 feet of 6⅝" oil well casing. Defendants answered separately by way of general denial. There was trial to a jury, resulting in judgment for plaintiff in the sum of $1,203.75, and defendants have appealed.

Defendants here urge that the evidence is insufficient to sustain the judgment, for the reason that it "wholly failed to show that plaintiff was the owner of the property alleged to have been converted, either by virtue of general ownership or any special ownership." The evidence in this regard is that of a witness Frank Neely, who testified that he was, and for the past 18 years had been, superintendent for the plaintiff, an oil producer; that he purchased a great many supplies, but the casing as a general rule was bought through the office in carload lots: that as superintendent for plaintiff he had possession of the casing in question, having used the same in the drilling of wells in Creek county; that in April, 1913, the wells being dry, such casing was withdrawn, piled, and left on the lease near the drilling rig at a point about six miles from the town of Mounds; that he was absent from the premises and the state of Oklahoma from that time until the following September, when he returned; that the casing was then gone, having been taken without his knowledge or consent. By further evidence it was shown that the casing was removed from the premises, placed aboard a railway car, and transported to Cleveland, Okla., where the freight thereon was paid by one of the defendants and the property taken into their possession. The evidence of defendants consisted of a mere denial of the receipt or conversion of the casing in question.

By this evidence it is clearly established that plaintiff, for a considerable period, had exercised the right of dominion over, and at the time of its taking was in actual possession of, the property in question, from which, in the absence of any evidence to the contrary, a presumption of the plaintiff's ownership thereof arises, and may properly be indulged.

"A rebuttable presumption of ownership, which, in the absence of evidence to the contrary, the law assumes to be correct, arises from the possession of real or personal property." 16 Cyc. 1074.

" 'Men generally own the property they possess.' In certain connections, therefore, possession of either real or personal property will be assumed to indicate the owner." Chamberlayne's Modern Law of Evidence, § 1192.

"Actual possession of a chattel at the time of a conversion thereof will sustain trover, except as to the true owner or one claiming under him. * * * " 38 Cyc. 2046.

In Coffin v. Anderson, 4 Blackf. (Ind.) 395 it is held:

"The bona fide possession of goods gives a sufficient property to the possessor to enable him to maintain an action of trover for them against a wrongdoer."

In Vining v. Baker, 53 Me. 544, it is held:

"Possession is prima facie evidence of title to personal property. Plaintiffs in possession may maintain trover against all persons wrongfully interfering with their possession."

In Stockbridge et al. v. Crockett, 15 Tex. Civ. App. 69, 38 S. W. 401, it is held:

"Actual possession of chattels is sufficient proof of title to enable the possessor to sue a mere trespasser for conversion."

See, also, Bank v. Brown, 85 Tex. 80, 23 S. W. 862.

In Stitt et al. v. Namakan Lumber Co., 95 Minn. 91, 103 N. W. 707, it is held:

"Bare possession of personal property, though wrongfully obtained, is sufficient to enable the party enjoying it to maintain replevin or trover against a mere stranger to the property, who takes it from him."

In Marcy v. Parker, 78 Vt. 73, 62 Atl. 19, it is held:

"A person having actual possession of chattels has sufficient title thereto to enable him to maintain trover against a stranger for their conversion."

In Jones v. Sinclair, 2 N. H. 319, 9 Am. Dec. 75, it is held:

"Possession and the exercise of acts of ownership are sufficient evidence of title, prima facie, to maintain trover."

In Goodwin v. Garr, 8 Cal. 616, it is held:

"Possession of personal property is prima facie evidence of ownership. The possession of the servant is the possession of the master."

It is shown by the answers to special interrogatories submitted to the jury that, in fixing the compensation for time and money expended in pursuit of the property converted, plaintiff was awarded $50 as attorney's fees, and this amount is included in the judgment. Such attorney's fees, it appears, were paid in connection with the prosecution of the present action for damages, and therefore are not recoverable as compensation for money properly expended in pursuit of the property. Section 2875, Rev. Laws 1910, does not contemplate recovery of attorney's fees as compensatory damages, or as costs. Fitch v. Green, 39 Okla. 18, 134 Pac. 34; Day v. Woodworth, 13 How. 363, 14 L. Ed. 181; Howell v. Scoggins, 48 Cal. 355; Fairbanks v. Witter, 18 Wis. 301, 86 Am. Dec. 765; Barnard v. Poor, 21 Pick. (Mass.) 378; Lincoln v. S. & S. Ry Co., 23 Wend. (N. Y.) 425; Hicks v. Foster, 13 Barb. (N. Y.) 663; Falk v. Waterman, 49 Cal. 224; Earl v. Tupper, 45 Vt. 275; Landa v. Obert, 45 Tex. 539; Jandt v. South, 2 Dak. 46.

We have examined the instructions given, and find that they fairly state the law of the case. The evidence is amply sufficient to sustain the judgment in all respects, save as above indicated, to which extent it should be modified, by deducting therefrom the sum of $50 so erroneously awarded as attorney's fees, and, as modified, affirmed. The costs of appeal should be equally divided between the parties. Fitch v. Green, supra.

By the Court: It is so ordered.