KOVA PIPE LINE Co. et al. v. LILES.

*97 P. 2d 43.*

No. 28643.   Dec. 12, 1939.

E. A. Fariss, of Oklahoma City, for plaintiffs in error.

S. E. Freeman and Wesley A. Smith, both of Oklahoma City, for defendant in error.

HURST, J. This action was brought by plaintiff, Harry C. Liles, for damages for the conversion by defendants, Kova Pipe Line Company and D. D. Vaughn, of a bucket line and scraper belonging to a ditching machine owned by plaintiff. From a verdict and judgment for plaintiff, defendants appeal.

1. Defendants first complain that the evidence of ownership of plaintiff and of the value of the property was improperly submitted to jury over their objection and was not sufficient to sustain the verdict. The plaintiff testified that he owned the property, having foreclosed a mortgage on it and bought it in, and had it stored on a vacant lot on the date of the conversion, but did not produce any paper title, although he testified that he had such title. We think ownership was sufficiently proved. Proof of possession of personal property, in the absence of evidence to the contrary, is sufficient to make a prima facie case of ownership. 10 R. C. L. 904; United States Supply Co. v. Gillespie (1917) 65 Okla. 198, 166 P. 139. Furthermore, such ownership was admitted by the defendant Vaughn, who was superintendent of defendant Kova Pipe Line Company.

The evidence of value objected to by defendants was given by a salesman of such equipment, who testified to the value of new and secondhand equipment in good condition. The objection of defendants was on the ground that the evidence did not show that the bucket line and scraper were in good condition, and that therefore this evidence was predicated upon a condition not proved. But plaintiff testified on cross-examination that the property was in good condition, and also, on direct examination, as to its value. The condition and value of the property was testified to at length by witnesses for both parties. The trial court properly submitted this conflicting evidence to the jury, which found for plaintiff, and there is no charge that the verdict was due to any passion or prejudice, or that the jury was improperly instructed. The evidence was sufficient to support the verdict and judgment. Wilhite et al. v. Brin (1936) 178 Okla. 339, 62 P. 2d 1240.

2. Defendants further complain of the overruling of their motion for new trial on the ground of newly discovered evidence. The evidence on which this ground of the motion for new trial is based is set out in affidavits attached to the motion. Plaintiff claimed he discovered his bucket line and scraper on a ditching machine of defendants near Edmond. The affidavits are of three witnesses who state that they would testify that there had been no change in the bucket line and scraper on this machine. Testimony to this effect was given by several witnesses of defendants, and all defendants' witnesses positively denied all knowledge of the taking or use of plaintiff's property. Thus it will be seen that the evidence on which this ground of the motion is predicated would be cumulative, and therefore the overruling of the motion for new trial will not be reversed on that ground. Chambers v. Cunningham (1931) 153 Okla. 129, 5 P. 2d 378.

Judgment is hereby entered against the sureties on the supersedeas bond, as requested by the plaintiff.

Affirmed.

BAYLESS, C. J., and OSBORN, CORN, and DANNER, JJ., concur.