JAMES V. LEEBENS v. THE BAKER COMPANY.[1]

February 2, 1951.

No. 35,311.

*Amherst Tautges,* for appellant.

*Frank A. Janes, Melvin D. Heckt,* and *Snyder, Gale, Hoke, Richards & Janes,* for respondent.

KNUTSON, JUSTICE.

Appeal from an order denying a motion for a new trial.

Defendant operates a large department store in the city of Minneapolis. During the Christmas season, counters in the toy department were enlarged by placing on the top thereof temporary oversized plywood tops. These were covered with a leatherette covering, which was folded under the edges and stapled about two inches in from the bottom edge. In fastening, a Hanson Cling Tight stapling machine was used, the staples being placed about six inches apart. Harold Benson, a witness for defendant, testified that the stapling machine is so constructed that it jams if the staples do not go in properly and that the work was inspected as it was performed.

[1]Reported in 45 N. W. (2d) 791.

On December 6, 1947, at about 12:15 p. m., plaintiff, his wife, and two children went to defendant's store to do some Christmas shopping. As plaintiff was walking down one of the aisles in the toy department, he was "jostled" in passing two women and knocked somewhat off balance. He bumped against the edge of a counter with sufficient force to produce a black-and-blue spot on his thigh. In order to regain his balance, he threw out his arm in a horizontal position, and he testified that he felt something rough, but at that time felt no pain. He kept on walking, and shortly discovered that his hand was bleeding quite badly. He talked to a clerk, who sent him to the store nurse's room. The nurse referred him to a doctor, after giving him some temporary aid. Plaintiff then went back to the basement of the store to locate his wife. While there he reported the matter to one Clayton S. Morrow, an assistant buyer for the toy department. With Mr. Morrow, he went back through the store to see if he could ascertain on what he had cut his finger. The testimony varies as to what they found. Plaintiff testified that while he and Mr. Morrow were examining the display tables near a pool of blood which they found on the floor he found the stub of a staple and two staples with only one lug driven in, the ends of which were facing in the direction from which he had approached the table, and other staples which were hanging low underneath the end of one of the tables. He further testified that the broken staples were about two inches in from the edge of the table.

Mr. Morrow, who was no longer employed by defendant at the time of trial, testified that there were no loose, broken, bent, or sharp stubs sticking out. The display manager for defendant testified as to the manner in which the covering was put on the table tops, and his testimony was that the tables were all checked and that it was not possible for the stubs to be sticking out.

After leaving the store, plaintiff was examined by defendant's physician and was referred to Eitel Hospital, where he was attended by his own doctor. The latter found a double L-shaped cut at the second joint of the index finger, which involved the

deeper structures of the finger. The canal in which the tendon runs was cut and the main nerve of the finger divided. There is no dispute that he has suffered considerable pain and that he will suffer some permanent disability to his hand.

The jury returned a verdict for defendant. Plaintiff assigns as error the refusal of the court to instruct the jury as follows:

"You are instructed that there may be one or several proximate causes of an accident. It is sufficient if you find that the defendant's negligence was a proximate cause for you to find in favor of the plaintiff."

Instead of the requested instruction, the court charged the jury as follows:

"Now, this case is based upon negligence. Before the plaintiff can recover a verdict against this defendant, he must show by a fair preponderance of the evidence that the defendant Baker Company was negligent in the maintenance of the premises at the time in question, and that that negligence was the sole, direct and proximate cause of his injury. By proximate cause I mean that cause which causes it directly, without any other intervening and efficient cause.

\*     \*     \*     \*     \*

"You are charged, as a matter of law, that the collision between the plaintiff and the unknown lady customer was not the result of any negligence on the part of the defendant, and you cannot find any liability therefrom. That is, the defendant is not responsible for the lady that bumped into him and caused him to fall into the table. You are also instructed that there may be one or more proximate causes of an accident. You must find that the defendant's negligence was the proximate cause for you to find in favor of the plaintiff.

\*     \*     \*     \*     \*

"The burden of proof is upon the plaintiff in this case to prove by a fair preponderance of the evidence that the defendant was

negligent, and that that negligence was the direct and proximate cause of his injuries, and the extent of his injuries and his damages."

Where there is only one act of negligence shown by the evidence upon which recovery could be based, it is not prejudicial to instruct the jury that such negligence must be "the sole, direct and proximate cause of" the injury. Nor is it prejudicial under these circumstances to instruct the jury that such negligence must be "the" proximate cause as distinguished from "a" proximate cause. There is no evidence of concurrent acts of negligence in this case. Plaintiff's right to recover exists, if at all, because of defendant's negligence in covering the plywood table tops.

It is true that as a general rule negligence, in order to render a party liable, need not be the sole proximate cause. As a general proposition, it is sufficient that the negligence of a party concurring with one or more efficient causes, other than plaintiff's fault, brings about the injury. Where two or more causes combine to produce injury, a person is not relieved from liability because he is responsible for only one of them. Palyo v. N. P. Ry. Co. 144 Minn. 398, 175 N. W. 687. However, where the evidence establishes only one cause which may be considered a proximate cause in the legal sense, the use of the word "sole" in connection with a definition of proximate cause is merely surplusage and, while inaccurate in a technical sense, is certainly not prejudicial.

The same can be said of the use of the word "the" instead of "a" proximate cause. Here, the evidence establishes only one act of negligence which could be considered a proximate cause in the legal sense. Nowhere in the complaint or in the record is there to be found any claim that the negligence of any other person concurred with that of defendant as a proximate cause to bring about the injury. The following paragraphs of plaintiff's complaint are indicative of the theory upon which the case was tried:

"That while plaintiff was proceeding along said aisle as aforesaid he casually and inadvertently allowed his right hand to come into contact with said counter and said sharp instrumentalities.

"That by reason of the foregoing and as a direct and proximate result of the said carelessness of the defendant, plaintiff suffered severe cuts and injuries to his right hand, cut the nerves, tendons, muscles and other soft parts of the index and second fingers of his right hand to such an extent so as to permanently and substantially impair the use and function of said hand. By reason of which plaintiff has suffered and sustained a severe nervous shock, and was made sick and sore and lame throughout his entire mind and body, and has suffered extreme physical pain and mental anguish, and in the future will so suffer, all to his general damage."

We are compelled to hold that, while the instruction complained of is technically inaccurate, it was without prejudice under the facts and circumstances in this case.

Plaintiff next contends that the court erred in singling out plaintiff in charging as to his credibility. This claim is based on statements made by the court to the jury after it had returned for further instructions. After the jury had deliberated from 10:30 a. m. to 2 p. m., it returned and requested further instructions regarding the definition of the word "negligence." The following discussion then took place:

"The Court: I told you, ladies and gentlemen, what the duty of a storekeeper was, and that was to keep the premises customarily used by patrons in the store reasonably safe for their protection, for instance, along the aisles or wherever they are supposed to go, they are to keep reasonably safe. In places where they are not supposed to go, there is no duty on the part of the storekeeper to have them reasonably safe for their protection. When they go to some other places then they are trespassers.

"In this case, where they put those staples in under, there are two questions. The first is, whether they put them in carelessly and negligently. If they did not then there is no negligence, whether he was hurt or not.

"If they did, if they were put in carelessly and negligently, the next question is, whether or not the storekeeper or proprietor had

reason to believe or anticipate that somebody would come in contact with them, that somebody would get hurt on them. If there wasn't a reasonable cause for him to believe that somebody was going to get hurt on them, then he wasn't negligent in putting them there. Is that plain now?

"Juror: It is to me. I don't know about the other members of the jury. This member says, if there is one staple sticking up?

"The Court: Just one? *Of course, this plaintiff didn't know whether there was one or a lot of them sticking up, and he didn't know whether there were any sticking up.* He said his hand hit something rough and he felt a little pain. If there was something, one or more, that caused his injury, and if the store management had reason to believe or anticipate that somebody would come in contact with them, then it would constitute negligence to have such a situation; where they had reason to anticipate that somebody would come in contact with them.

"Juror: It doesn't matter whether there was one or a hundred, if he had no reason to believe that they would come in contact?

"The Court: If they didn't have reason to believe that somebody would come in contact. They probably thought if they put them back two inches that it would be safe." (Italics supplied.)

The italicized portion of the court's statement forms the basis for plaintiff's complaint. Taken alone, it might furnish some ground for plaintiff's contention, but when read with the whole statement of the court we do not believe that it could have had the result with the jury that plaintiff contends for. The whole statement, the same as the whole instruction originally given, must be read together.

We find no prejudicial error, and the order of the trial court is affirmed.

Affirmed.