In re SENECA OIL COMPANY and Seneca Drilling Company, Debtors.

UNITED STATES DEPARTMENT OF ENERGY, Plaintiff-Appellant,

v.

SENECA OIL COMPANY and Seneca Drilling Company, Defendants-Appellees.

No. CIV-85-1925-T.
Bankruptcy Nos. 85-00825-A, 85-00826-A.
Adv. No. 85-0410.

United States District Court, W.D. Oklahoma.

Dec. 12, 1985.

See also, Bkrtcy., 65 B.R. 902.

John E. Green, First Asst. U.S. Atty., Steven K. Mullins, Asst. U.S. Atty., Oklahoma City, Okl., Beth N. Mizuno, Floyd I. Robinson, U.S. Dept. of Energy, Economic Regulatory Admin. Office of Judicial Liti-

gation, Washington, D.C., for plaintiff-appellant.

Stephen L. DeGiusti, Richard C. Ford, Crowe & Dunlevy, Oklahoma City, Okl., for Seneca Oil Co., defendants-appellees.

Lee Calligaro, Casson, Calligaro & Mutryn, Washington, D.C., Robert C. Bright, Bright, Nichols, Zrenda & Dunn, Oklahoma City, Okl., for debtor Seneca Oil Co., Frederic Dorwart, Holliman, Langholz, Runnels & Dorwart, Tulsa, Okl., of counsel.

## MEMORANDUM OPINION AND ORDER

RALPH G. THOMPSON, Chief Judge.

This matter comes before the Court for consideration of the appeal of the United States Department of Energy (DOE) from an order of the bankruptcy court denying DOE's motion for summary judgment. Debtor-Appellee Seneca Oil Company (Seneca) has responded. The issues have been thoroughly briefed by DOE and Seneca.

At issue is whether approximately $1.3 million has properly been included as part of the debtors' bankruptcy estate. Only property to which the debtor has both legal and equitable title shall be included in the bankruptcy estate. 11 U.S.C. § 541(a) and (b).

## BACKGROUND

The fund in question was created by Seneca when it began its challenge to a DOE ruling that Seneca had miscertified "upper tier" oil as "newly discovered" oil and was overcharging its customers. Pending the results of the challenge, Seneca set aside the proceeds representing the difference between the "upper tier" and "newly discovered" prices. Until March 1981 Seneca continued setting aside the revenues reflecting the excess of the "newly discovered" over the "upper tier" prices. Seneca informed its working and royalty interest owners, its shareholders, and the United States District Court in which the litigation was pending that it had deposited the potential overcharges in short-term, interest-bearing securities and that the dispo-

sition of the proceeds depended on the outcome of the litigation. Seneca referred to this fund as a "revenue suspense account".

The question presented by the litigation was resolved when the United States Temporary Emergency Court of Appeals held that Seneca had miscertified crude oil and had overcharged its purchasers. *Seneca Oil Co. v. United States Department of Energy*, 712 F.2d 1384 (Em.App.1983). The Court of Appeals ordered that judgment for the amount of the overcharges plus interest thereon and costs be entered for DOE. Before judgment was entered, Seneca filed for Chapter 11 Reorganization in the bankruptcy court. The District Court later entered judgment for DOE in the amount of $864,167.84 as principal (stipulated overcharges) and $877,429.23 interest for a total judgment of $1,741,597.77.

In the bankruptcy proceedings DOE filed a proof of claim and initiated an adversary proceeding to recover the proceeds from the overcharges, interest, and costs on the theory that the overcharges and interest earned thereon were not properly part of the bankruptcy estate because Seneca had neither legal nor equitable title to them. DOE then filed a motion for summary judgment which was denied. DOE now brings this appeal.

## STANDARD OF REVIEW

Bankruptcy Rule 8013 provides that a bankruptcy judge's findings of fact shall not be set aside unless clearly erroneous.

Seneca contends that the "clearly erroneous" standard is to be applied in this court's review as the determination of the appeal depends on this court's analysis of the bankruptcy judge's findings from the evidence. DOE, asserting that the facts are uncontested and only legal issues are presented, maintains that a *de novo* review is correct.

The standard applied by this reviewing court to each issue raised in this appeal will be stated in the discussion of each issue in this opinion.

## DOE'S STANDING TO INVOKE EQUITABLE REMEDIES

■ A threshold issue that must be resolved is whether DOE has standing to seek equitable remedies. Contending that DOE has suffered no injury, Seneca argues DOE does not have standing to invoke any equitable remedies.

DOE is suing on behalf of the injured purchasers pursuant to statutory authority of § 209 of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note, as incorporated in the Emergency Petroleum Allocation Act of 1973, as amended, 15 U.S.C. § 754(a)(1). Under these statutes DOE has authority to recover restitution for overcharged consumers. *United States Department of Energy v. West Texas Marketing Corp.*, 763 F.2d 1411 (Em.App.1985).

DOE is statutory trustee for the overcharged purchasers. The Court finds no reason to deny DOE standing to assert equitable remedies in its attempts to recover restitution on behalf of the purchasers.

## DOE'S CLAIM THAT SENECA DOES NOT HAVE LEGAL TITLE

■ As its first argument, DOE urges that legal title to money in the fund never passed to Seneca. Only a question of law is presented in this proposition; the *de novo* standard will be applied. *In re Golf Course Builders Leasing, Inc.*, 768 F.2d 1167 (10th Cir.1985).

DOE incorrectly asserts that legal title does not pass when property is transferred as a result of an illegal act. DOE also argues that the purchasers intended to pass title only on condition that purchasers were paying legal prices. Whether legal title passes is dependent on the parties' intent that title should pass. *Standish Pipe Line Co. v. Oklahoma County Excise Bd.*, 193 Okl. 130, 141 P.2d 281 (1943); *Commercial Standard Ins. Co. v. Universal Underwriters*, 282 F.2d 24 (10th Cir. 1960).

DOE has offered no evidence that the purchasers did not intend title to pass to Seneca or that the purchasers attached a condition to passage of title. Without evidence DOE has wholly failed to overcome the presumption of ownership that accompanies possession of personal property. *Kova Pipe Line Co. v. Liles*, 186 Okl. 212, 97 P.2d 43 (1939).

The bankruptcy court's finding that Seneca holds legal title is not contrary to law and will not be disturbed.

## DOE'S CLAIM THAT THE FUND IS SUBJECT TO A CONSTRUCTIVE TRUST OR EQUITABLE LIEN

Since Seneca has legal title to the fund, DOE's claim is contingent upon whether Seneca has equitable title to the fund. DOE maintains that the fund is impressed with a constructive trust or an equitable lien in favor of DOE with resultant deprivation of Seneca of equitable title. The bankruptcy court found that no constructive trust or equitable lien exists.

The bankruptcy judge's findings are legal conclusions drawn from undisputed evidence. The reviewing court does not apply the "clearly erroneous" standard under such circumstances but instead makes an independent determination of the trial judge's conclusions. *In re Golf Course Builders Leasing, Inc., supra.*

■ This court agrees that an equitable lien does not exist. The Oklahoma Supreme Court has succinctly summarized the law on imposition of equitable liens as follows in *Mullens v. Geo. C. Wright Lumber Co.*, 182 Okl. 355, 77 P.2d 700, 702 (1938):

> [T]he whole doctrine of equitable liens is founded upon the maxim of equity which regards as done that which has been *agreed to be, and ought to have been done;* that equitable liens, which do not depend on possession, are of two kinds, (1) those that may be implied and declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and circumstances of their dealings, and (2) those that arise from a contract[.] [Emphasis added.]

Here there was no reliance by any parties on any agreement, implied or other-

wise, arising from the actions of Seneca. The considerations of right and justice do not require the imposition of an equitable lien.

■ In order to establish the existence of a constructive trust, DOE must show that equity demands that a constructive trust be imposed and that the trust *res* can be traced.

Oklahoma law provides:

The primary reason for imposing a constructive trust is to avoid unjust enrichment. It is imposed against one who "by fraud, actual or constructive, by devices or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy." [citations omitted] A careful reading of the cases in this jurisdiction, in which the imposition of a constructive trust was sought, reveals that an element of unfairness in allowing the legal title holder to retain the property is not sufficient to justify the imposition of a constructive trust. There must also be some active wrongdoing, on the part of the person against whom recovery is sought.

\* \* \* \* \* \*

Further, the evidence of wrongdoing must be clear, unequivocal and decisive beyond a reasonable doubt. [citation omitted] A mere preponderance of the evidence is not sufficient to establish a constructive trust but it must be established by evidence which is clear, definite, unequivocal and satisfactory, or such as to leave but one conclusion, or as to leave no reasonable doubt as to the existence of the trust.

*Easterling v. Ferris*, 651 P.2d 677, 680–681 (Okl.1982).

The bankruptcy court found no wrongdoing or egregious conduct on the part of Seneca to justify imposition of a constructive trust. This Court finds wrongdoing.

The appellate court's determination that Seneca engaged in illegal overcharging clearly and unequivocally shows wrongdoing. That unjust enrichment would result from allowing Seneca to retain the overcharges is apparent. The evidence satisfies the heavy proof burden requisite to imposition of a constructive trust. The proceeds from the overcharges are subject to constructive trust if the proceeds can be traced.

The record shows that both parties presented evidence on the issue of tracing, but the bankruptcy court made no finding on that issue. Therefore, this matter must be remanded to the bankruptcy court for determination on the evidence already presented of whether the proceeds from the overcharges and interest earned thereon or any portion can be traced.

In accordance with the foregoing, the bankruptcy court's order of July 5, 1985, is reversed and this cause is remanded to the bankruptcy court for resolution of the tracing issue and for subsequent order consistent with this opinion.