RINDSKOFF, STERN, LAUER & CO. ET AL. v. M. L. VANLEER ET AL.

Delivered July 3, 1896.

**Assignment for Benefit of Creditors—Mortgage.**

An instrument conveying all of an insolvent's property and authorizing the grantee to sell it and apply the proceeds in satisfaction of the grantor's debts, the balance, if any, to be returned to the grantor, is not a general assignment, but a mortgage. Following Seward Confectionery Co. v. Ullman, 35 S. W. Rep., 469.

ERROR from Greer.    Tried below before Hon. G. A. BROWN.

*H. W. Martin* and *Armstrong & Flournoy*, for plaintiffs in error.

*J. A. Powers, A. R. Garrett, A. G. Walker* and *B. P. Eubanks,* for defendants in error.

STEPHENS, ASSOCIATE JUSTICE.—Since this case was submitted it has been decided by the Supreme Court of the United States that Greer County, from which the writ of error comes, was no part of Texas. But inasmuch as the jurisdiction of this court had already attached under the laws of Texas when that decision was made, and inasmuch as Congress has passed a law giving effect in Oklahoma Territory to the judgments of this court in such cases, we proceed now to dispose of the case.

And to do so we have but to announce the disposition made by the Supreme Court of this State of the appeal in the companion case of Tittle v. Vanleer, 24 Texas, 174 (34 S. W. Rep., 715), where the conveyance upon which that contention was founded was construed to be a deed of trust in the nature of a mortgage, and not an assignment, thereby overruling a contrary decision both of the trial court and of this court.    For an expression of the views of this court as then constituted upon the question, see Adams v. Bateman, 29 S. W. Rep., 1124.

We find no material difference between the instrument construed in the Tittle-Vanleer case and that here considered.    Indeed, the instrument seems to be the same in both cases, but as copied in this record there is an omission of the clause upon which stress was laid in the original opinion of the Supreme Court in the former case, that empowering the trustee to sell and make deeds in the names of the grantors.    But in view of the still more recent decision of our Supreme Court in Seward Confectionery Co. v. Ullman, 89 Texas, 404 (35 S. W. Rep., 469 and 1073), and the inherent weakness of the circumstance itself, its absence from the conveyance in question should not produce a different result.

We therefore reverse the judgment of the District Court of Greer County, and direct the clerk of this court to furnish either party a certified copy of this judgment, upon payment of the costs of this court, and order the case dropped from the docket.

*Reversed.*