MARY J. AND CELIA STOCKBRIDGE V. J. L. CROCKETT.

Decided December 9, 1896.

**1. Trespass—Mortgage—Creditor—Fraudulent Sale.**

One from whose actual possession property has been taken can recover against a trespasser who shows no right thereto. A claim that the defendant was a mortgagee from the owner, with authority under the mortgage to take possession would not justify the trespass where such instrument was not in evidence. Neither would the fact that defendant was a creditor of the owner, whose sale to plaintiff was fraudulent. Such sale would be voidable only, and the creditor would have no right to seize the property save by judicial process.

**2. Appeal—Greer County.**

Procedure under Act of Congress, May 4, 1896, on determining appeals from Greer County.

APPEAL from the County Court of Greer County. Tried below before Hon. W. D. BALLARD.

*Thacker & Clay*, for appellants.

[No briefs for appellee are on file.]

KEY, ASSOCIATE JUSTICE.—Appellants sued appellee to recover damages for the conversion of fifteen head of cattle. Both parties asserted title under E. H. Stockbridge, appellants as purchasers, and appellee as a prior lien-holder under a mortgage authorizing him to take possession of and sell the cattle upon the failure of E. H. Stockbridge to pay certain debts at maturity.

The uncontroverted testimony shows that the defendant took the cattle from the actual possession and without the consent of the plaintiffs; that he claimed the right so to do under his alleged mortgage from E. H. Stockbridge; and he testified that he advertised and sold them and applied the proceeds in the manner authorized by the mortgage. However, if any such mortgage existed, it was not put in evidence; and, as the defendant asserted no right to the cattle other than as secured by the mortgage, his seizure of the cattle was unlawful. The plaintiffs' actual possession of the cattle at the time was sufficient proof of title to entitle them to recover against a trespasser—and such the evidence shows the defendant to have been. Bank v. Brown, 85 Texas, 80.

The fact that the defendant was a creditor of E. H. Stockbridge, from whom the plaintiffs bought the cattle, and that, in selling to the plaintiffs, E. H. Stockbridge may have intended to defraud the defendant, and that the plaintiffs knew of such fraudulent purpose on the part of E. H. Stockbridge, would not authorize the defendant, without resort to any court procedure, to forcibly seize the property and apply it or its proceeds to the payment of E. H. Stockbridge's debts. Even under such circumstances the plaintiffs' title would not be absolutely void,

but only voidable; and the defendant would have no right, except by judicial process, to seize the property and deprive them of it.

We conclude that the court erred in rendering judgment for the defendant, and therefore reverse the judgment.

Since this case was appealed the Supreme Court of the United States has decided that Greer County, from which the case is appealed is no part of Texas. But since that decision was made Congress has passed a law authorizing Texas courts to decide all cases pending on appeal when the decision was rendered, and giving effect in Oklahoma Territory (which includes Greer County) to judgments so rendered by Texas courts. See Act of Fifty-fourth Congress, May 4, 1896; Rindskopf v. Vanleer, 36 S. W. Rep., 918.

The judgment of the County Court of Greer County will be reversed, and the clerk of this court is directed to furnish either party a certified copy of the judgment of this court, upon payment of the costs of this court; and it is further ordered that the case be dropped from the docket.

*Reversed.*