E. Hall v. Ernest Miller.

Decided May 17, 1899.

1. **Attachment—Exempt Property—Selection.**

Where, upon levy of attachment upon four head of horses, defendant was not required to point out those claimed as exempt (Revised Statutes, article 2427), he had the right to make the election contemplated by the statute, at the time of the trial.

2. **Same—Colt Selected as Exempt "Horse."**

A colt, ten months old and never worked, is a horse within the meaning of the exemption statute; and upon the levy of attachment upon two mares, which were mortgaged, and two colts, the defendant could select the colts as his exempt property.

3. **Exempt Property—Attachment—Replevin.**

Defendant, by replevying attached property, did not lose the right to claim it as exempt; and where foreclosure of the attachment lien was denied on the ground of such exemption, though judgment went against defendant for the debt, it could not be rendered against the sureties on the replevy bond for the exempt property.

4. **Judgment—Remittitur—Appeal.**

A remittitur of a part of the judgment recovered by plaintiff in justice court was not a waiver of his claim to that extent where defendant appealed; and on trial de novo in the county court he could recover the entire amount sued for.

Appeal from the County Court of Falls. Tried below before Hon. B. H. Rice.

E. Hall and Z. I. Harlan, for appellant.

Swan & Herring, for appellee.

Key, Associate Justice.—Appellant sued appellee in the Justice Court for $134, due upon an open account, and sued out an attachment, which was levied upon certain personal property, including two colts, one about eighteen and the other about ten months old. Appellee replevied the colts by executing a bond in conformity with the statute.

The case was appealed to the County Court, where a verdict and judgment were rendered for the plaintiff for $84, but the court declined to foreclose the attachment lien upon the two colts, holding the same to be exempt property. The plaintiff has brought the case to this court and presents the following questions for decision:

1. The defendant owned two mares and two colts, and in this suit he claimed the colts as exempt property under the statute exempting two head of horses to the head of each family. The two mares were mortgaged, and the trial court instructed the jury that that fact would entitle the defendant to hold the colts as exempt property; and this ruling is assigned as error.

The attachment was levied on all four of the horses, and the officer levying it did not request the defendant to select his exemptions, and point out the animals to be levied upon, as provided by article 2427 of the Revised Statutes. In view of these facts, we are of the opinion that the defendant had the right at the time of the trial of this case to make the election contemplated by the statute, and having done so and claimed

the colts as exempt property, they were not subject to forced sale for the payment of the plaintiff's debt, and the levy of the attachment upon them created no lien, and the court might properly have so instructed the jury. Hence we hold that the instruction referred to does not constitute reversible error.

2. It is also contended that the colts referred to could not be held as exempt property, because they were not used as a team for the benefit of the defendant's family.

The testimony does show that one of them had been worked in harness, while the younger one had never been worked or ridden. However, they were both horses, within the meaning of the statute, and the only one that was old enough for service had been broken to use. The other was too young to be used, and there is nothing in the record to show that when it reached the proper age it could not or would not be used for the benefit of the family. There is no merit in this point.

3. The replevy bond, following the terms of the statute, is conditioned that "should the defendant be condemned in the action, he shall satisfy the judgment which may be rendered therein, or shall pay the estimated value of the property, with lawful interest thereon from the date of the bond." The two colts were estimated by the officer taking the bond to be of the value of $35; and it is urged on behalf of the plaintiff that as he recovered judgment against the defendant for his debt, he was entitled to a judgment against the sureties on the bond for $35, the estimated value of the two colts, notwithstanding the fact that they were shown to be exempt property.

There may be authorities in other jurisdictions that support the contention that such bonds are absolute obligations on the part of the sureties thereon to discharge in whole or in part such judgment as the plaintiff may recover against the defendant; but such has not been the ruling of the Supreme Court of this State, and it has been held that if the writ of attachment or sequestration be quashed, the sureties upon the replevy bond are released. Lumber Co. v. Bank, 91 Texas, 95; Mitchell v. Blum, 91 Texas, 634. Upon the same principle and for a like reason, it seems to us that the execution of a replevy bond does not cut off the right of the defendant and the sureties upon the bond to show that the property seized is not subject to seizure and sale for the payment of the plaintiff's demand.

4. The plaintiff recovered a judgment in the Justice Court and thereafter filed a remittitur of $50 thereof, thereby reducing the amount of the judgment to $84. Upon trial in the County Court, the defendant, according to the statement of facts, admitted that he owed the plaintiff the debt sued for, the sum of $134. The judge, however, instructed the jury that as the plaintiff had filed a remittitur for $50, he was only suing for and could only recover $84, with interest thereon, and this ruling is assigned as error.

Appealing the case to the County Court resulted in annuling the judgment in the Justice Court, and the case stood for trial in the former court

as though it had never been tried before. Such being the case, we think the court was in error in holding that the remittitur was binding upon the plaintiff in the County Court and operated as an abandonment of $50 of his claim. We therefore reverse the judgment of the County Court and here render judgment for the plaintiff for $134, with 6 per cent . interest thereon from January 1, 1898.

<em>Reversed and rendered.</em>