TRAMMELL & LANE V. J. M. GUFFEY PETROLEUM COMPANY ET AL.

Decided March 29, 1906.

**1.—Stakeholder.**

One who has delivered the property in controversy to a codefendant does not occupy an impartial attitude as between the plaintiff and defendant and can not avail himself of the benefits of a stakeholder.

**2.—Statement by Agent—Evidence.**

A telegram sent by an agent of one of the defendants to such defendant under the direction of said defendant and in discharge of his duty to both defendants, is admissible in evidence against both defendants.

**3.—Res Inter Alios Acta.**

Conversations between the respective agents of two codefendants are not admissible as against the plaintiff.

Appeal from the District Court of Jefferson County. Tried below before Hon. A. T. Watts.

*A. D. Lipscomb,* for appellants.—Where it is made to appear in the Court of Appeals that a finding of fact essential to support the judgment of the trial court is against the manifest truth of the case, the judgment ought to be reversed. Zapp v. Michaelis, 58 Texas, 275; Texas & P. Ry. Co. v. Levine, 87 Texas, 440; Missouri Pac. Ry. Co. v. Walker, 7 S. W. Rep., 791; Aetna Ins. Co. v. Eastman, 72 S. W. Rep., 431; Mutual Life Ins. Co. v. Tillman, 84 Texas, 34; Houston & T. C. Ry. v. Loeffler, 59 S. W. Rep., 558; Willis v. Lewis, 28 Texas, 185; Short v. Kelly, 62 S. W. Rep., 944; Houston & T. C. Ry. v. Schmidt, 61 Texas, 285.

Where the judgment of the trial court is based largely upon documentary evidence (and this must ever be so in cases where there is a conflict of parol testimony on the subject of a date long past, which is embraced in several documents written at the same time), in all such cases the Court of Appeals is as competent to pass upon the facts as the trial court for, indeed, the whole body of facts can, by printed brief, be presented to the more deliberate consideration of the Court of Appeals in much clearer form and more satisfactorily analyzed than would be ordinarily practicable in the trial court. Henderson v. Jones, 2 Posey, 231; Thorn v. Frazier, 60 Texas, 263; Little, Brown & Co.'s Edition of Webster's Speeches, p. 212.

Where one of the defendants has converted and appropriated to his own use the property of the plaintiff and this fact appears from the statements of the agents of such defendant, who acted for such defendant in the matter under investigation, the effect of such admitted liability can not be destroyed by contest waged by another defendant to whom the converted property has been delivered, and against whom many of the admissions made by the principal defendant are excluded from evidence unless the principal defendant puts itself in the attitude of a stakeholder and invokes the equitable doctrine of interpleader; and a defendant is never to be regarded as being in the attitude of a mere stakeholder where it interposes hostile defenses against plaintiffs' cause of action, but only where it admits in its pleadings its want of right to the thing in controversy and offers to deliver to whomsoever shall show the right thereto as between the plaintiff and the parties interpleaded. Huth v. Heerman, 5 Texas Civ. App., 659; Story's Eq. Pldg., sec. 297 (10th ed.).

Where a defendant has been induced to become guilty of conversion of property through the influence and persuasion of another defendant, and through the last named defendant assuming to indemnify the first against all liability rising out of the conversion, then such privity is established between the two defendants as to render admissible against the second all admissions made by the first, and the production by the first from its custody, through its proper agent of its documents supporting the plaintiffs' contention is sufficient to authenticate them for use against, and to render them admissible against, the second defendant. Blum v. Jones, 23 S. W. Rep., 847; Thompson v. Rosenstein, 67 S. W. Rep., 439; McCarty v. Hartford Fire Ins. Co., 75 S. W. Rep., 934.

*Greers, Nall & Neblett,* for appellee Guffey Company and *O'Brien, John & O'Brien,* for appellees Landry Oil Company, Ras. Landry, Emmett Landry and E. C. Ogden.—It is not sufficient to reverse the judgment, that the finding is against the weight of the testimony, where it appears there is sufficient testimony to support the finding; and in this case there is abundant testimony to support the finding of the court. Anderson v. Anderson, 23 Texas, 640; Greenleve v. Blum, 59 Texas, 127; Houston & T. C. Ry. v. Marcelles, 59 Texas, 337; Chase v. Veal, 83 Texas, 333; Rainboldt v. March, 52 Texas, 251; Gulf, C. & S. F. Ry. Co. v. Holland, 3 Texas Ct. Rep., 501; Houston & T. C. Ry. Co. v. Rowell, 45 S. W. Rep., 763.

Even if the appellants are correct in their statement that the J. M. Guffey Petroleum Company, defendant, was guilty of converting the oil through the influence and persuasion of its co-defendant, the Landry Oil Company, through the last named company having indemnified the first against all liability, there being neither fraud nor conspiracy alleged, this would not make the communication from the agent of the J. M. Guffey Petroleum Company to its officers, which took place prior to the execution of the indemnity bond, admissible as against the Landry Oil Company, when it does not appear that the Landry Oil Company was a party to such communication, and, necessarily, the telegram was hearsay as to the Landry Oil Company. Cooper Gro. Co. v. Britton, 74 S. W. Rep., 91.

In order to obtain review of the ruling of the court, the appellants

should have set forth their grounds of objection in the bill of exception, and the general objection urged by appellants is insufficient. Western U. Tel. Co. v. Armine, 22 S. W. Rep., 105; Franklin v. Tiernan, 62 Texas, 92.

REESE, ASSOCIATE JUSTICE.—This is a suit by Trammell & Lane against the J. M. Guffey Petroleum Company and the Landry Oil Company to recover the value of certain oil alleged to be the property of plaintiffs, and which it is alleged was converted to their own use by the J. M. Guffey Petroleum Company. It is alleged that the Landry Oil Company asserts some claim in and to the oil and has induced the Guffey Company to refuse to deliver the same to plaintiffs.

The petition alleges that about the 6th day of October, and prior thereto, plaintiffs were engaged in pumping oil wells in Sour Lake, and had a contract with the Landry Oil Company to pump their well, for which plaintiffs were to receive forty percent of all oil pumped by them, the oil to be pumped into the tanks of the Guffey Company, the agreement being that plaintiffs' share of the oil should be delivered to them by the Guffey Company. That on or about the 5th day of October, 1903, and during a period of four days thereafter plaintiffs delivered into the tanks of the Guffey Company certain oil, of which their interest of forty percent amounted to 3305 34-100 barrels; that on December 1, 1903, plaintiffs made demand for the oil, but the Guffey Company refused to deliver it, except 322.80 barrels, leaving 2982.54 barrels which the Guffey Company converted to their own use. The oil is alleged to be worth sixty cents per barrel, for which plaintiffs pray judgment against both defendants.

The Guffey Company answered by general demurrer and general denial, and, by special plea against the Landry Oil Company, alleged that the oil was claimed by the Landry Oil Company and had been delivered by the Guffey Company to that company upon its demand therefor and upon the execution by the Landry Company of a bond with E. C. Ogden, Ras Landry and Emmett Landry as sureties, whereby the Landry Company obligated itself to liquidate all damages, including costs of suit and attorneys fees, that the Guffey Company are liable or may become liable for insofar as the claim of plaintiffs is concerned. In the event plaintiffs should recover judgment against the Guffey Company it prays that it have judgment against the Landry Company and the sureties on its bond aforesaid for such sums as may be recovered of it, with costs and attorneys fees as in said bond provided.

The Landry Company answered plaintiffs' petition by general demurrer and special exceptions, not necessary to be further referred to, and by general denial. Answering the petition of the Guffey Company against them, the Landry Oil Company and the said sureties on the bond admit the execution of the bond, and their liability thereon to the extent of the value of 2982.45 barrels of oil, and pray that in the event judgment is rendered that the same shall be only for that amount of oil.

The case was tried by the court without a jury and judgment rendered for the defendants, and plaintiffs appeal. No conclusions of law or fact are found in the record.

The evidence showed that at the time indicated plaintiffs were operating a pumping plant at Sour Lake and had a contract with the Landry

Oil Company to pump the oil from their well for a compensation of forty percent of the oil so pumped. The oil when pumped was delivered into the tanks of the Guffey Petroleum Company at Sour Lake, forty percent thereof for account of appellants and sixty percent for account of the Landry Oil Company. The oil was carried from the tanks at Sour Lake through the pipe line of the Guffey Company to its headquarters at Beaumont. The respective accounts were kept by a system of tickets issued by the Guffey Company. Appellants claimed that they continued to pump the well of the Landry Oil Company under the contract aforesaid until October 9, while the Landry Company claimed that they began to pump their well themselves on the night of October 5, at which time the pump of appellants was disconnected from the well. The contest, then, is as to the ownership of forty percent of the oil pumped from the well and delivered to the Guffey Company on the 6th, 7th and 8th of October.

Appellants insist with much force that the judgment against them is against the manifest truth of the case and the overwhelming preponderance of the evidence. While the preponderance of the evidence seems to us to be against the judgment, we can not say that it is so to that extent that would authorize this court to substitute its own judgment upon the evidence for that of the trial court, and this assignment must be overruled. The suit being against both the Guffey Company and the Landry Company, both denying that the oil belonged to appellants, the Guffey Company was entitled to the benefit of all of the evidence introduced which tended to show that the oil belonged to the Landry Company.

The Guffey Company was not entitled to be protected as a stakeholder. It did not occupy an impartial attitude as between appellants and the Landry Company, but having delivered the oil to the Landry Company it thus deprived itself of the benefits of a stakeholder. (11 Enc. Pl. & Prac., 458-9).

C. G. Wood, a witness for appellants, while testifying produced a copy of a telegram purporting to have been sent by W. H. Mitchell, agent of the Guffey Company, from Sour Lake to the company at Beaumont, and dated October 8, 1901, as follows: "All oil run should be credited to Trammell & Lane 40 percent, E. Landry 60 percent. Air plant goes to work tonight and hereafter oil is to be credited to E. Landry as per last division order." To the introduction of this copy of telegram appellees objected, because it is a statement made and telegram sent by the agent of the J. M. Guffey Petroleum Company to its head office. Also because the Landry Oil Company is not connected with the telegram in any way, and because the telegram purports to be a copy received and not the original.

The bill of exceptions shows that Mitchell, the sender of the telegram, testified that the original filed by him at Sour Lake had been burned, and plaintiffs proved demand on all the defendants to produce the original. The court sustained the objection of the Landry Company to the admission of the telegram in evidence as against it, to which appellants excepted.

W. H. Mitchell, a witness for appellants, testified to the sending of the telegram except as to the date, which he could not state, under the fol-

lowing circumstances as stated by him: "Mr. Landry came to me and instructed me that, on and after that date he was speaking to me, Trammell & Lane would cease to pump his well, and that the oil produced should be credited to the Landry Oil Company, as they would install their own oil plant. Upon this advice I had him to sign an additional division order so that all the oil run from the well would be credited to the Landry Oil Company, or to E. Landry. That division order is with the Guffey Company now. I supposed that Trammell & Lane had disconnected from his well. A few days afterwards Mr. Landry came to me and said Trammell & Lane had not disconnected from his well as he was not able to get his air plant into operation, and that the oil up to such time belonged to the old division order, 40 percent to Trammel & Lane and 60 percent to the Landry Oil Company, and upon that instruction I wired the Company." Referring to the telegram mentioned above the witness said: "This would be the wording of the telegram I sent." To this testimony of Mitchell, insofar as it referred to the sending of the telegram, appellees objected on the same grounds substantially as those urged to the telegram, which objection was sustained as to the Landry Company, and appellants excepted.

We think the court erred in this ruling. According to Mitchell's testimony the telegram was sent upon the statement of E. Landry, representing the Landry Oil Company, and the purpose of it was to carry out his instructions as to the division of the oil. It may be said to have been sent by his direction, and under Mitchell's duty to the Landry Oil Company as well as to the Guffey Company. Mitchell testified that E. Landry told him that Trammell & Lane had not disconnected from his well and that up to that time the oil pumped belonged 40 percent to Trammel & Lane and 60 percent to the Landry Oil Company, at which time he sent the telegram. The telegram was admissible, if for no other purpose, to show the date of this statement of Landry, thus fixing the date when, according to this statement, the Landry Oil Company began to pump their own well. We think, however, in the circumstances stated, the entire telegram and the testimony of Mitchell with regard to sending the same was admissible against the Landry Oil Company as well as against the Guffey Company.

In the fifth assignment appellants complain of the admission in evidence, over their objection, of certain testimony of the witness Charles Martin, being in the nature of conversations between Martin, who was an agent of the Landry Company, and certain agents or officials of the Guffey Company. This evidence was clearly not admissible against appellants, and certain of the statements made, as testified to by the witness, were calculated to materially affect the case as against them.

Objection is made to the consideration of this assignment by appellees on the ground that the ground of objection was not stated by appellants. The objection was in this language: "Plaintiffs objected to what occurred between witness and the Guffey Company's representatives." The objection might have been more specific, but there could have been but one ground of objection to the testimony, and the form of the objection being "to what occurred between witness and the Guffey Company" certainly apprized the court of this ground, subserving fully the purpose of the rule requiring the grounds of an objection to testimony to be stated.

In substance the objection to the testimony was because it was a statement of what occurred between the witness, representing the Landry Company and the representatives of the Guffey Company. Only that part of the testimony consisting of these particular statements was objected to. The evidence was improperly admitted. It is true the case was tried by the court, but in view of the fact that the judgment appears to be against the weight of the evidence properly admitted we think it probably was affected by this testimony.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*