ROGERS v. FULLER et al.

(Court of Civil Appeals of Texas. Texarkana. Dec. 5, 1911. On Motion of Appellees for Rehearing, Dec. 21, 1911.)

1. EXEMPTIONS (§ 99*)—WAIVER—EFFECT AS TO OTHER CREDITORS.

Partitioners of decedent's personal property delivered to plaintiff as part of his portion a mare and colt; but, partitioners having been garnished in a suit against plaintiff, it was agreed that he was to take the animals conditionally to hold until the debts were settled, and, if it took the mare and colt to settle the debts, plaintiff was not to have them. Plaintiff was the head of a family and owned one other animal of the horse kind, so that except for the reservation by partitioners the mare and colt were exempt. Held that, while such reservation might create a lien in favor of partitioners as garnishees, it was not available to avoid the exemption in favor of other of plaintiff's creditors under the rule that the voluntary creation of a lien in favor of one of the debtor's creditors against exempt personal property does not preclude him from claiming his exemption as to other creditors.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 122, 123; Dec. Dig. § 99.*]

On Motion of Appellees for Rehearing.

2. EXEMPTIONS (§ 99*)—WAIVER—EFFECT AS TO OTHER CREDITORS.

Where partitioners of decedent's personal property delivered plaintiff's share to him conditionally on his agreement to return the same if necessary to satisfy a garnishment, the partitioners could assert their right to the property only on proof that they had discharged the liability, in which case they would be entitled only to foreclose their lien, and hence plaintiff's creditors could not acquire the rights of partitioners by a sale of the property under execution against plaintiff and against partitioners as garnishees.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 122, 123; Dec. Dig. § 99.*]

3. EXEMPTIONS (§ 146*)—SALE ON EXECUTION—RECOVERY BY TENANT IN COMMON.

Ownership in common of personal property by the heirs of a decedent, accompanied by actual possession at the time the property was levied on, is sufficient as against a purchaser at an execution sale against the tenant in possession to entitle him to maintain a suit to recover the property on the theory that it was exempt.

[Ed. Note.—For other cases, see Exemptions, Dec. Dig. § 146.*]

Appeal from Titus County Court; W. E. Riddle, Judge.

Action by L. M. Rogers against R. H. Fuller and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded for new trial.

Rolston & Ward, for appellant. L. E. Keeney, for appellees.

WILLSON, C. J. The suit was by appellant against appellees to recover the possession of a mule colt, or, in the alternative, the value thereof, alleged to be the sum of $125. In the justice court the judgment was in appellant's favor, but in the county court, to which an appeal was prosecuted, the judgment was in favor of appellees. It seems that one John Rogers died intestate, owning, besides real estate, certain personal property, consisting of horses, mules, and money. Appellant was one of his heirs, and by a power of attorney, in the execution of which he was joined by the other heirs, authorized one McLean and one Barnett to take possession of the property belonging to

the estate of John Rogers, and, after paying such debts as John Rogers owed at the time he died, to partition among his heirs the property remaining in their hands. In March, 1909, McLean and Barnett made a partition of property belonging to said estate, allotting and delivering to appellant, as the part of the property he was entitled to in the partition, a mare and the colt in controversy in this suit. Prior to the time this partition was made, it seems that certain creditors of appellant, by writs of garnishment against McLean and Barnett, sought to impound in their hands appellant's interest in said estate, and that the garnishment proceedings were pending at the time the partition was made. McLean testified that, when he and Barnett turned the colt in controversy over to appellant, it was understood between him and them "that he was to take it conditionally; that there was a garnishment against the bank and some debts also that had to be settled." Barnett testified that he and McLean turned the colt over to appellant "as his property, to hold until the debts were settled, and if it took the mule colt to settle the debts he was not to have it." Afterwards, while the mare and colt were in appellant's possession, they were levied on by a constable by virtue of executions against appellant and an execution against McLean and Barnett as his garnishees. At the sale under the executions appellees were the purchasers of the colt. At the time the mare and colt were levied on, appellant was the head of a family and owned only one other animal of the horse kind. He testified, and his testimony was not contradicted by that of any other witness, that, when the constable came to his home to make a levy, he told the constable he could take the mare, but that he could not take the colt—that "under the law he could not take it." It was shown by other uncontradicted testimony that at the constable's sale notice was given by appellant's attorneys that he claimed the colt as exempt to him under the law.

[1] From the statement made it is obvious that the judgment should have been in appellant's favor, unless the contention made that he was not entitled to claim the colt as exempt from forced sale for the payment of his debts to the plaintiffs in the executions, because of the condition upon which McLean and Barnett testified same was delivered to him, is tenable. Sayles' Stat. art. 2395; Hall v. Miller, 21 Tex. Civ. App. 336, 51 S. W. 36; Yancy v. Felker, 3 Willson, Civ. Cas. Ct. App. § 249, page 304; 2 Freeman on Executions, § 215a. We do not think the contention is tenable. It may be that as a result of the understanding between appellee and McLean and Barnett, as testified to by them, a lien was created on the colt in their favor to indemnify them against a liability which might be fixed against them as appellee's garnishees. And it may be, if

they had been before the court asserting such a lien, that appellee should not have been heard to say that the colt was exempt to him as against their claim. But McLean and Barnett were not parties to the suit, and appellees did not pretend that they had in any way acquired and were asserting rights which may have existed in favor of said McLean and Barnett as lienors. Their contention seems to have been that McLean and Barnett, because of the understanding referred to, had a claim on the colt superior to that of appellant based on the exemption laws, and that because they had, appellant was not entitled to claim the colt as exempt to him as against the claims of any of his creditors. We do not understand the law to be that, when an owner voluntarily creates a lien in favor of one of his creditors against personal property he is entitled to claim as exempt, he thereby deprives himself of the right as against other of his creditors to assert the exemption. He is entitled, we think, to assert the exemption as against any one of his creditors who has not a lien voluntarily created by him (the owner) against the property. Sayles' Stat. art. 2402.

The assignments are all sustained, and the judgment is reversed, and the cause is remanded for a new trial.

### On Motion of Appellees for Rehearing.

As pointed out by appellant in his reply to the motion, the record does not support the statement in the opinion, and the contention in the motion, that it appeared that McLean and Barnett had possession of the colt at the time the writs of garnishment were served on them. At that time, it appeared from the undisputed testimony, it seems, the colt was in appellant's possession. The garnishment proceedings then pending were not against McLean and Barnett, but were against a bank, to reach effects of appellant's supposed to be in its hands.

[2] It was contended, in the testimony of McLean and Barnett, as stated in the opinion, that it was understood between them and appellant, at the time they turned the colt over to him, "that he was to take it conditionally; that there was a garnishment against the bank and some debts also that had to be settled." If it could be claimed that, because of this understanding, a lien on the colt existed in favor of McLean and Barnett to secure a liability they had incurred on appellant's account, that is the most that could be claimed to have resulted from it. Before McLean and Barnett, by virtue of such an understanding, would have been entitled to assert any right to the colt as against appellant, it must have appeared that they had discharged such liability, and then their right only would have been to foreclose the lien. As said in the opinion, it was not pretended that McLean and Barnett had foreclosed a lien they asserted on

the colt, and that appellees as the purchasers at their foreclosure sale, or in any other lawful way, had acquired their rights as lienors. Appellees could not have acquired rights, if any existed, in favor of McLean and Barnett as lienors, by a sale of the colt under executions against them.

[3] The contention made that appellant was not entitled to maintain his suit against appellees, because it appeared that the colt did not belong to him, but belonged to the estate of John Rogers, deceased, and because it did not appear that there was no administration pending on the estate of John Rogers, nor that there was no necessity for such an administration, is not believed to be tenable. It did appear that, if appellant was not the sole owner, as the result of the partition made by McLean and Barnett, of the colt, in common with the other heirs of John Rogers, he owned same, and lawfully was in possession of it at the time it was seized under the executions appellees claimed under. It seems that such ownership by him in common with the other heirs of John Rogers, accompanied by his actual possession of the colt at the time it was levied on, was sufficient, as against appellees, to entitle him to maintain the suit. Stockbridge v. Crockett, 15 Tex. Civ. App. 69, 38 S. W. 401.

The motion is overruled.