CHAVEZ v. SCHAIRER. (No. 768.)

(Court of Civil Appeals of Texas. El Paso.
Dec. 19, 1917. Rehearing Denied
Jan. 10, 1918.)

1. JUDGMENT ⚖️707 — TROVER AND CONVERSION ⚖️23—TIMBER—OWNERSHIP OF LAND AS DEFENSE — PERSONS NOT PARTIES TO JUDGMENT.

Where one having a lien on land under a trust deed is not made a party to an action against the trustor for the ownership of the land, he can set up, as a perfect defense to conversion of wood sold by the prevailing party and removed and seized by him, any superior title he may prove to have obtained as a purchaser on foreclosure of the trust deed, not being bound by the judgment to which he was not a party.

2. MORTGAGES ⚖️196 — CUTTING STANDING TIMBER—CONVERSION.

One having a lien under a deed of trust has no title to wood cut and removed prior to foreclosure, and in taking possession of such wood is guilty of conversion.

3. TROVER AND CONVERSION ⚖️40(3)—STANDING TIMBER — SUPERIOR TITLE TO LAND — PROOF.

Where one seizes timber removed from land and is sued in conversion, and he defends on the ground of superior title to the land, it is sufficient to show a common source and superior right, and it is unnecessary to deraign title from the sovereignty of the soil.

4. TROVER AND CONVERSION ⚖️40(3)—SUFFICIENCY OF TITLE TO MAINTAIN ACTION.

One in possession of timber which he purchased from one claiming land under a judgment, and which he has cut and removed, has sufficient evidence of title to maintain an action of conversion as against another claiming the land.

5. TROVER AND CONVERSION ⚖️40(3) — DEFENSE—SUPERIOR TITLE—COMMON SOURCE—EVIDENCE.

One claiming land under a foreclosure of a trust deed, by showing the execution of the trust deed by one P., does not show common source of title with one claiming title by judgment against P. and another.

6. SET-OFF AND COUNTERCLAIM ⚖️28(1) — CONVERSION OF TIMBER—SET-OFF.

As against a claim for standing timber converted by a mortgagee prior to foreclosure, the mortgagee can set off damages to his security by the act of plaintiff in cutting and removing other timber from the land.

7. TROVER AND CONVERSION ⚖️54—DAMAGES —STANDING TIMBER—EXPENSES OF CUTTING AND REMOVING.

Where one buys standing timber from one claiming title to land when in fact another has a superior title and seizes the wood, he is a trespasser, and is not entitled to be reimbursed for the expenses of cutting and removing.

Appeal from El Paso County Court; E. B. McClintock, Judge.

Suit in conversion by Andreas Chavez against J. J. Schairer. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

R. M. Reed and W. C. Porterfield, both of El Paso, for appellant. F. E. Hunter and R. B. Redic, both of El Paso, for appellee.

HIGGINS, J. Chavez sued Schairer to recover 72 cords of wood or its value and $250 exemplary damages. On February 23, 1915, Eugenio Perez and wife conveyed to F. E. Hunter, trustee, survey 18 of the San Elizatio grant to secure the payment of a note in sum of $2,500 executed by Perez to appellee, Schairer. This deed of trust was duly recorded February 24, 1915, and was foreclosed by the trustee on November 7, 1916, and the land conveyed to Schairer by deed dated November 9, 1916, duly recorded November 14, 1916; Schairer having been the purchaser at the foreclosure sale. On January 25, 1916, a judgment was rendered in the district court in favor of Martina Borrego, Jesus Borrego, Pedro Borrego, Uttilia Borrego, Angela Lucero, and her husband, Elizatio Lucero, against Eugenio Perez and the heirs of Rafael Telles, deceased, for the title and possession of survey 18. The petition in this case was filed March 31, 1915. Hunter and Schairer were not parties to this suit. Upon the judgment writ of possession was issued and executed April 22, 1916, by placing Jesus Borrego in possession of the land for all of the plaintiffs in the suit. In October, 1916, Chavez purchased from Jesus Borrego the wood upon the land. Between the 5th and 23d days of November, 1916, Chavez cut and removed about 70 cords of wood from the land. After its removal Schairer took possession of the wood and refused to surrender same to Chavez. The defendant answered by a general denial, and by cross-action set up his lien and ownership of the land by virtue of the deed of trust and foreclosure proceedings, and that he had been damaged by the removal of the wood in the sum of $500, for which he prayed judgment.

The case was tried without a jury, and judgment rendered that Chavez take nothing; that Schairer take nothing by his cross-action for damages, but recover of Chavez the possession of the wood.

[1] There is no merit in the contention of appellant that Schairer could not defend against the alleged conversion by showing a superior title and right of possession to the wood by virtue of his ownership of the land from which the same was cut. None of the authorities cited by appellant support such contention. In an action for conversion a defense is permissible which disproves a right of recovery in the plaintiff. And there can be no right of recovery in an action for conversion if the defendant had the superior title and possessory right to the property alleged to have been converted. 38 Cyc. 2059 and 2061; Trammell v. Guffey, 42 Tex. Civ. App. 455, 94 S. W. 104; Crane v. McGuire, 64 S. W. 942. So, if Schairer had the superior title to the land at the time the wood was cut therefrom, he had the superior title and possessory right to the wood, and this would constitute a perfect defense to the action.

[2] From the record as presented it is im-

possible to say how much wood had been cut and removed prior to the time of the foreclosure. Until such foreclosure Schairer acquired no title to the land. Wood cut prior to the foreclosure ceased to be a part of the realty, and the foreclosure passed no title thereto.

If Schairer, by the foreclosure, acquired a title to the land superior to that of the parties under whom Chavez claimed the wood, then Schairer's superior title to the land would have constituted a perfect defense as to all wood cut subsequent to the foreclosure. His rights respecting the wood cut prior to the foreclosure are different. As to this wood he simply had a lien on the land, and his right of action, if any, with respect thereto, was for injury to his security. Smith v. Frio County, 50 S. W. 958; Carey v. Starr, 93 Tex. 508, 56 S. W. 324.

[3] In no event can Schairer predicate any defense to the action based upon his lien and foreclosure unless he shows that his lien and title was superior to the title under which Chavez claims. Schairer is not bound by the judgment rendered in the district court against Perez because he was not a party thereto. In order to show his superior lien and title under the foreclosure, it is not necessary for him to deraign title from the sovereignty of the soil. It is sufficient to show a common source and superior right under the common source. The deed of trust was of record and this was constructive notice of his rights to Chavez.

[4, 5] Chavez being in actual possession of the wood under a claim of right at the time the same was converted by Schairer was sufficient evidence of title to enable Chavez to maintain his action. Bank v. Brown, 85 Tex. 80, 23 S. W. 862; Stockbridge v. Crockett, 15 Tex. Civ. App. 69, 38 S. W. 401. In defense of such prima facie right, Schairer undertook to establish a superior title. He did not attempt to deraign title from the sovereignty nor to show a limitation title. He relies upon a superior title emanating from Perez as a common source. But upon the facts disclosed by the record and the manner in which the question arises he has failed to show a common source. He claims under Perez alone, whereas Chavez claims title by purchase from Jesus Borrego. The judgment in the district court in favor of Jesus Borrego and his coplaintiffs was not against Perez alone, but was against Perez and the heirs of Telles. Had the judgment been against Perez alone, then a common source would have been shown.

The case is reversed and remanded because of the insufficiency of the evidence to show a superior lien and title to the wood in Schairer; also because the judgment rendered is not in conformity with the rights, if any, which Schairer may have arising out of the difference between such rights respecting the wood cut prior to the foreclosure of his lien and the wood cut after foreclosure.

[6] Upon retrial Schairer, by establishing a superior lien and title, will have established a defense for the taking by him of all such wood as may have been cut from survey 18 subsequent to the foreclosure. As to this wood he would be guilty of no conversion. As to the wood cut prior to the foreclosure, he would be guilty of conversion, but if he has shown a superior lien and injury to his security, then by proper pleadings he would be entitled to offset his damages, if any, arising from such injury, against the damages sustained by Chavez for the conversion.

[7] Chavez will in no event be entitled to the cost of cutting and removing the wood from the premises. If Schairer had a superior lien and title, Chavez was a trespasser against the rights of Schairer, and is not entitled to be reimbursed for any expenses incurred by him in the commission of his trespass. Upon the record here presented Chavez has not shown any right to exemplary damages for any conversion which may have been committed by Schairer.

Reversed and remanded.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.