WATER, LIGHT & ICE CO. OF WEATHERFORD v. BARNETT et al. (No. 9081.)

(Court of Civil Appeals of Texas. Ft. Worth. April 12, 1919.)

1. APPEAL AND ERROR ☞1060(2)—TRIAL ☞127—ADMISSION OF IMPROPER TESTIMONY—HARMLESS ERROR.

In action against defendant light company for injuries sustained by plaintiff, who, when walking along sidewalk, stepped upon a meter box lid, which lid gave way and caused her to fall into the opening, permitting introduction of evidence showing that defendant was insured in an indemnity company, *held* error and prejudicial to rights of defendant.

2. APPEAL AND ERROR ☞742(1), 743(1)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments followed by neither proposition nor statement, or in which no sufficient reference is made to record where the proceedings out of which the alleged error arose are to be found, are insufficient.

Appeal from District Court, Parker County; F. O. McKinsey, Judge.

Action by Mrs. Marie Barnett and husband against the City of Weatherford and the Water, Light & Ice Company of Weatherford. The City was given a peremptory instruction in its favor, and from a judgment against the other defendant in favor of plaintiffs, it appeals. Reversed and remanded.

Hood & Shadle, of Weatherford, for appellant.

Grindstaff & Zellers and Preston Martin, all of Weatherford, for appellees.

BUCK, J. Mrs. Marie Barnett and husband, Paul Barnett, sued the city of Weatherford and the Water, Light & Ice Company of Weatherford for personal injuries alleged to have been sustained by Mrs. Barnett through falling into a water meter maintained on the sidewalk of one of the streets of Weatherford. Plaintiff alleged that while she was walking along said sidewalk she stepped upon the lid of a meter box belonging to the Water, Light & Ice Company, and that the box inclosing same was then in an unsafe and defective condition, and that by reason thereof the lid of said box gave way under her and caused her to fall into the opening, from which fall she sustained serious and permanent injuries. The city of Weatherford was given a peremptory instruction in its favor, and from a judgment against the Water, Light & Ice Company in favor of the plaintiff Mrs. Marie Barnett in the sum of $3,000, and in favor of Mr. Barnett in the sum of $175, the defendant has appealed.

[1] We will first direct our attention to the consideration of the sixteenth assignment. Frank Cherry was shown to be the manager of the Water, Light & Ice Company, and had held said position for some years prior to the accident. Shortly after plaintiff's alleged injuries, he, in company with another employé of defendant, went to the home of the plaintiff, Mrs. Barnett, for the purpose of talking to her about her injuries and how they occurred. He had a conversation with her, and made at the time a written statement of her answers, which she was not requested to sign. While Cherry was on the stand, and after he had testified for defendant, on cross-examination he was asked by plaintiffs' counsel who sent him to plaintiffs' house to get the statement, to which question defendant objected on the ground that the same was immaterial. Pending a ruling by the court, one of defendant's counsel stated to the court in a low voice so that it could not be heard by the jury, in substance, that the answer of the witness would be that he had been sent to the plaintiffs' house on the occasion in question by an insurance company, whereupon the court overruled said objection, and said witness was required to answer over said objection as follows:

"The request did not come verbally. No one in Weatherford sent me. An insurance company sent me."

To the admission of the question and answer defendant then and there excepted, and moved the court to withdraw said answer from the jury; as the same did not tend to prove any issue in the case and was highly prejudicial to the rights of the defendant. Thereupon the court stated to the jury:

"Gentlemen, I simply admit this testimony to explain Mr. Cherry's action in going down there and having a conversation with the lady, and not for any other purpose in the case. I will let it go before you, gentlemen of the jury, for that purpose and with that explanation."

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

By a long line of authorities it has been held that it is improper to introduce evidence showing or tending to show that the defendant in an action for damages is insured in an indemnity company, not a party to the suit. In Wichita Falls Motor Co. v. Meade, 203 S. W. 71, in an opinion by Associate Justice Hall, Court of Civil Appeals for the Seventh District, it was held that it was error to admit a statement by plaintiff that one who had investigated the accident said he was "working for the insurance company." As to the admission of this testimony the court said:

"This testimony was improper, and should not have been elicited. When considered in connection with other testimony which tended to create sympathy in behalf of appellee, we think it was highly prejudicial and the admission of such testimony has often been condemned in this state."

See, also, Carter v. Walker, 165 S. W. 486; City of Austin v. Gress, 156 S. W. 536; Beaumont Traction Co. v. Dilworth, 94 S. W. 352; Lone Star Brewing Co. v. Voith, 84 S. W. 1100; Manigold v. Traction Co., 81 App. Div. 381, 80 N. Y. Supp. 861; Wildrick v. Moore, 66 Hun, 630, 22 N. Y. Supp. 1119; Iverson v. McDonnell, 36 Wash. 73, 78 Pac. 202.

In Carter v. Walker, supra, it is said:

"When appellee was testifying, he was asked if he had ever had a talk with appellant about the accident, and he answered that he had, and that appellant had told him the number of his car. He was then asked if he made any other statement, and he answered: 'He said he had insurance on the car.' That illegal testimony came from the appellee, who must have known that it was very improper testimony. In consulting with his attorney, he must have told him about the conversation with appellant, or he would not have been interrogated about it, and we must presume that his attorney informed him that such testimony was not permissible. He must have appreciated the effect it would have upon a jury trying a case between two citizens, when it was made known, that a corporation, and not the defendant, would have to discharge the judgment for damages. He must have known that the wavering balances would go down against the 'soulless corporation.' No amount of admonition to the jury could remove the effects of the testimony, because it could not remove the knowledge that the suit was not one between citizens, but between a citizen and a corporation."

In the instant case the court knew before the answer of the witness what the question propounded by plaintiffs' counsel would elicit, and after the question had been answered, and a motion to exclude it had been made by defendant's counsel, plaintiffs' counsel, as well as the court, knew the prejudicial character of the testimony admitted. We do not think that the instruction in the way of limitation given by the court cures the error, but perhaps tends to accentuate it. Appellee urges that the question did not call for the answer given; that no company was inquired about, and in the question answered no reference or intimation made to any insurance company; that the answer of the witness was not responsive to the question, but was made "for the apparent purpose of injecting an error into the case." We do not think the criticism made is sound. Counsel for defendant at the time did everything in his power to prevent the answer being given. Those familiar with courts and trials know that often it is more injurious to a party resisting the admission of improper evidence to disclose the reason for the objection in the presence and hearing of the jury than it is to have said evidence admitted without objection or comment. In this instance defendant's counsel took the proper and judicious course in presenting to the court, out of the hearing of the jury, the reason for the objection made, and in further moving to exclude the testimony after its admission. We are of the opinion that the error presented calls for the reversal of the judgment.

The evidence in this case was of a nature tending to arouse in the minds of the jury much sympathy for the plaintiff Mrs. Barnett. It was shown that she was of a frail and delicate constitution, and shortly prior to the accident had undergone a serious operation and was just recovering from the same; that, by reason of the injuries sustained in this accident, she suffered a falling of the womb, the loss of both ovaries, and that her health was generally undermined; that at the time of the trial she was in an extremely nervous condition—as she expressed it, "a nervous wreck."

The testimony of the witness Cherry sharply conflicted with that of Mrs. Barnett as to what occurred and the conversation had on the occasion of the former's visit to the latter's home. In view of this conflict, and in view of the circumstances tending strongly to create sympathy in behalf of Mrs. Barnett in the minds of the jury, and in view of the substantial damages awarded, we are unable to say that the admission of the testimony did not probably influence the verdict rendered. Appellee cites Tex. P. & L. Co. v. Bird, 165 S. W. 8, Harry Bros. v. Brady, 86 S. W. 615, and other cases to support the contention that the error, if any, was not calculated to improperly influence the jury, and hence does not constitute reversible error. But we think the first case cited is easily distinguishable from the one at bar, and the other cases cited merely lay down the general rule that the error complained of must be of a nature reasonably calculated to injuriously affect appellant's rights before such error will be held reversible.

[2] Other assignments are presented in appellant's brief, but we do not find it necessary to discuss any of them at length. Appellees object to the consideration of most of

the other assignments because of a failure on appellant's part to observe the rules for briefing, and in the main we believe said objections are well founded. Quite a number of the assignments are followed by neither proposition nor statement, and in others no sufficient reference is made to the record where the proceedings out of which the alleged error arose are to be found.

In the seventeenth assignment complaint is made of the argument of the plaintiff's counsel in his closing address to the jury to the effect that, if the evidence did not show that plaintiffs were entitled to recover, the court would have given a peremptory instruction for the defendant Water, Light & Ice Company. Upon request of defendant's counsel, the court instructed the jury not to consider these remarks, and upon another trial, doubtless, this question will not be presented.

For the reasons given, the judgment below is reversed, and the cause remanded.

---

&#9756;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes