## ZETSCHE v. LAWLER.

### No. 12261.

Court of Civil Appeals of Texas. Fort Worth.
Feb. 8, 1930.
Rehearing Denied March 15, 1930.

.. 
908

Luther Hoffman, of Wichita Falls, for appellant.

Kay & Akin, of Wichita Falls, for appellee.

BUCK, J.

This is a suit by W. L. Lawler against J. B. Zetsche arising out of a collision between the automobile driven by Zetsche and the automobile driven by Lawler. The case was tried before the court without the intervention of a jury, and the court rendered judgment for Lawler and against Zetsche for $750 by reason of personal injuries suffered by Lawler, and $100 damages to Lawler's car.

Luther Leslie testified that he was a mechanic and knew the different makes of cars and the market value thereof; he had been a mechanic in the garage business for six years and had seen cars bought and sold, and that in his opinion the difference in the market value of Lawler's car immediately before the accident and immediately after the accident was $100. We think that this is sufficient evidence to justify the court in rendering judgment for $100 for the damages to the car.

M. E. Summerford was riding in the car with Lawler at the time of the accident, and testified rather fully as to the facts concerning the accident. He testified that, according to his judgment, Zetsche was traveling about 35 or 40 miles per hour. It is not shown that he qualified as an expert to testify as to the speed of cars, but 2 R. C. L., § 37, p. 1202 says: "An adult person of reasonable intelligence and ordinary experience in life is presumed to be capable, without proof of further qualification, to express an opinion as to how fast an automobile which came under his observation was going at a particular time, and the courts have liberally admitted as evidence of speed the opinions of witnesses who actually saw the machine in motion at the time in question; and the force of such evidence does not appear material to be weakened by vague expressions such as that the automobile was 'going like an express train,' or that it went 'very fast,' the rate thereafter being estimated as being twenty-five or thirty miles as hour." We overrule this assignment.

Summerford testified that Zetsche, after the collision, got out of his car and came over to Lawler's car and asked if anybody was hurt. Lawler replied that he did not know, that he could not tell until he got out, and Zetsche replied: "Whatever has happened, I carry insurance on my car." The courts have held that, in a suit for damages, it is not proper to show that the defendant has an indemnifying bond. Lone Star Gas Co. v. Coates (Tex. Civ. App.) 241 S. W. 1111; Water, Light & Ice Co. of Weatherford v. Barnett, 212 S. W. 236, by this court; Beazley v. McEver, 238 S. W. 949, by the Dallas Court of Civil Appeals. Some of us think that this was in effect an acknowledgment of fault on the part of Zetsche, and would be admissible on that score. Moreover, the same strict rule is not observed as to the improper admission of testimony before the judge of a court trying a case without a jury as when a jury is impaneled. It is assumed that every judge who has heard improper evidence, upon concluding that it should not have been admitted, is able to and does in fact exclude the testimony from consideration. Creager v. Douglass, 77 Tex. 484, 14 S. W. 150. Such rules do not strictly apply where causes are tried by the court. Smith v. Hughes, 23 Tex. 248, 249. Especially is this true where the

record fails to disclose that the trial court in fact did consider the improper testimony. Where the record discloses that the court did consider testimony improperly admitted, such improperly admitted testimony becomes reversible error. Garrison v. Richards (Tex. Civ. App.) 107 S. W. 861; Texas & Pac. Ry. Co. v. Brashears (Tex. Civ. App.) 91 S. W. 494. If the judgment rendered was against the weight of the evidence, then the evidence improperly admitted may be ground for reversal. Trammell & Lane v. Guffey Petroleum Co., 42 Tex. Civ. App. 455, 94 S. W. 104. But we think the evidence in this case amply supports the findings of fact by the court and the conclusions reached in the judgment rendered. Perhaps the testimony might be admitted under the rule of res gestæ, but we are all of the opinion that, under the circumstances of the case, where it is shown that there was no jury impaneled, and the cause was heard by the trial court, no reversible error is shown.

Complaint is made of M. E. Summerford while testifying as a witness, stating that plaintiff was injured by the collision; it being alleged that whether or not plaintiff was injured was a controverted issue in the case. Summerford testified that some conversation occurred between the parties after the collision. "That Mr. Zetsche asked Lawler if anyone was hurt, etc.; that the witness said something about the injury to the car, and Zetsche said 'Well, whatever has happened, I carry insurance on my car.' The car was injured by the collision, the fender was down against the wheel; he had to go and get some tools before he could start the car. The fender was down over the rear wheel. Mr. Lawler was injured by the collision, and I had a pretty sore shoulder myself. I am not suing. I did not bother about myself." We do not think it was improper to admit this testimony of a witness present at the time of the collision, and testifying as to what was more or less patent to him at the time.

Complaint is also made of alleged excessive judgment for personal injuries. Dr. R. H. Peterson testified that he examined Lawler and found him suffering with brachial neuritis in the right shoulder, which he testified was inflammation of the nerves that come from the neck to the arms and then up to the trunks. He testified that there was a great deal of congestion in the neck and shoulder ridges; that there was always in neuritis an antecedent trauma or injury from force; that in his opinion Mr. Lawler was rather seriously injured; and that his judgment was that the effects from the injury would continue for some length of time. We overrule this assignment.

All assignments of error are overruled, and the judgment is affirmed.